## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RAVGEN, INC.,              )
                                     )
          Plaintiff,         )     C.A. No. 20-1646-RGA-JLH
                                     )
       v.                  )
                                     )
ARIOSA DIAGNOSTICS, INC., ROCHE   )
SEQUENCING SOLUTIONS, INC., ROCHE   )
MOLECULAR SYSTEMS, INC., and      )
FOUNDATION MEDICINE, INC.,       )
                                     )
         Defendants.     )

## OPENING BRIEF IN SUPPORT OF
## ARIOSA DIAGNOSTICS, INC.'S, ROCHE SEQUENCING SOLUTIONS, INC.'S, AND
## ROCHE MOLECULAR SYSTEMS, INC.'S MOTION TO DISMISS RAVGEN, INC.'S
## <u>FIRST AMENDED COMPLAINT</u>

*Of Counsel:*

Robert J. Gunther, Jr.
Christopher R. Noyes
Omar A. Khan
Scott G. Greene
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Timothy A. Cook
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: March 19, 2021

Frederick L. Cottrell, III (#2555)
Renée Mosley Delcollo (#6442)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
delcollo@rlf.com

*Counsel for Defendants Ariosa Diagnostics,
Inc., Roche Sequencing Solutions, Inc., and
Roche Molecular Systems, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

I.      NATURE AND STAGE OF THE PROCEEDINGS ...............................1

II.     SUMMARY OF THE ARGUMENT ...................................................1

III.    STATEMENT OF FACTS ..................................................................2

IV.    ARGUMENT ....................................................................................7

           A.      Ravgen's Induced Infringement Claims Should Be Dismissed Because Ravgen Fails To Plead Any Facts That Support Its Conclusory Allegation Of Knowledge Of Infringement And Also Pleads The Same Under An Incorrect Legal Standard. ..............................7

           B.      Ravgen's Willful Infringement Claims Should Be Dismissed Because Ravgen Fails To Plead Any Facts That Support Its Conclusory Allegation Of Knowledge Of Infringement. .........................12

V.      CONCLUSION .................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................2, 5, 7

*Bayer Healthcare LLC v. Baxalta, Inc.*,
    No. 2019-2418, ___ F.3d ___ (Fed. Cir. Mar. 1, 2021)............................................14

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................2, 7

*Boston Scientific Corp. v. Nevro Corp.*,
    415 F. Supp. 3d 482 (D. Del. 2019)...........................................................................14

*CG Technology Development, LLC v. William Hill U.S. Holdco, Inc.*,
    404 F. Supp. 3d 842 (D. Del. 2019)...........................................................................14

*Chalumeau Power Systems LLC v. Alcatel-Lucent*,
    C.A. No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012)........................ *passim*

*Commil USA, LLC v. Cisco Systems, Inc.*,
    135 S. Ct. 1920 (2015)................................................................................................9

*CoolTVNetwork.com, Inc. v. Facebook, Inc.*,
    C.A. No. 19-292-LPS-JLH, 2019 WL 4415283 (D. Del. Sept. 16, 2019),
    *report & recommendation adopted*, 2020 WL 1164224 (Mar. 11, 2020) ..............10

*Dynamic Data Technologies, LLC v. Amlogic Holdings Ltd.*,
    C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020).........................11

*Dynamic Data Technologies, LLC v. Brightcove Inc.*,
    C.A. No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020)....................12, 14

*EKO Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*,
    946 F.3d 1367 (Fed. Cir. 2020)..................................................................................14

*Evolved Wireless, LLC v. Samsung Electronics Co.*,
    C.A. No. 15-545-SLR-SRF, 2016 WL 1019667 (D. Del. Mar. 15, 2016),
    *report & recommendation adopted*, 2016 WL 1381765 (Apr. 6, 2016)...................10

*Express Mobile, Inc. v. DreamHost LLC*,
    C.A. No. 18-1173-RGA, 2019 WL 2514418 (D. Del. June 18, 2019) ......................14

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)....................................................................................................9

*In re Bill of Lading Transmission & Processing System Patent Litigation*,
681 F.3d 1323 (Fed. Cir. 2012)...........................................................................7, 10

*IpLearn, LLC v. Beeline Acquisition Corp.*,
C.A. No. 11-825-RGA, 2012 WL 12904154 (D. Del. July 2, 2012).........................................8

*IpVenture Inc. v. Lenovo Group Ltd.*,
C.A. No. 11-588-RGA, 2013 WL 126276 (D. Del. Jan. 8, 2013) ............................................7

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
851 F.3d 1275 (Fed. Cir. 2017)...........................................................................15

*NNCrystal US Corp. v. Nanosys, Inc.*,
C.A. No. 19-1307-RGA, 2020 WL 616307 (D. Del. Feb. 10, 2020) ....................................14

*SIPCO, LLC v. Streetline, Inc.*,
C.A. No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018) ....................................7, 10

*SRI International, Inc. v. Cisco Systems, Inc.*,
930 F.3d 1295 (Fed. Cir. 2019)...........................................................................14

*Välinge Innovation AB v. Halstead New England Corp.*,
C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018),
*report & recommendation adopted*, 2018 WL 11013901 (Nov. 6, 2018)..................12, 13, 15

**Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................................1, 7

## I.      NATURE AND STAGE OF THE PROCEEDINGS

On December 3, 2020, Plaintiff Ravgen, Inc. ("Ravgen") filed this patent infringement action against Ariosa Diagnostics, Inc. ("Ariosa"), Roche Sequencing Solutions, Inc. ("RSS"), Roche Molecular Systems, Inc. ("RMS"), and Foundation Medicine, Inc. ("FMI"; collectively, "Defendants"), alleging that Ariosa, RSS, and RMS infringe claims of U.S. Patent No. 7,332,277 (the "'277 Patent") and that all Defendants infringe claims of U.S. Patent No. 7,727,720 (the "'720 Patent"; collectively with the '277 Patent, the "Patents-in-Suit").  Ravgen asserted claims of direct, induced, contributory, and willful infringement "since at least the launch date of the infringing products" against each Defendant.  D.I. 1 ("original complaint") ¶ 75.

Ariosa/RSS/RMS and FMI filed separate motions to dismiss the claims of indirect, contributory, and willful infringement claims in Ravgen's original complaint.  D.I. 12 (Ariosa/RSS/RMS); D.I. 15 (FMI).  Rather than file oppositions to the motions to dismiss, Ravgen amended its complaint.  D.I. 20 ("FAC").  Ravgen dropped its claims of contributory infringement and attempted to add allegations in support of its deficient induced and willful infringement claims.

Because Ravgen's FAC still fails to plead factual allegations sufficient to support its induced and willful infringement claims, Defendants Ariosa, RMS, and RSS hereby move to dismiss those claims under Federal Rule of Civil Procedure 12(b)(6).[1]

## II.     SUMMARY OF THE ARGUMENT

1.      In just two counts, Ravgen's scattershot FAC alleges that four companies willfully infringe certain claims of the two Patents-in-Suit under at least two different theories—direct infringement and induced infringement—by selling at least two unrelated genetic tests.  These two

---

[1] Defendant FMI is concurrently filing a motion in this case to dismiss Ravgen's similar claims against it.

counts pack together 27 different claims against the Defendants, many of which rest on boilerplate allegations, to the extent they rest on any allegations at all.

2.     Ravgen's allegations of induced and willful infringement against Ariosa, RSS, and RMS are particularly deficient and should be dismissed.  Ravgen still fails to plead sufficient facts to support any plausible inference that Defendants had any knowledge of infringement of the Patents-in-Suit.  But knowledge of infringement remains a mandatory element of any claim of indirect or willful infringement.  This Court routinely dismisses such claims where, as here, those claims are supported only by conclusory and insufficient knowledge-of-infringement allegations. *See, e.g.*, *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, C.A. No. 11-1175-RGA, 2012 WL 6968938, at *1-2 (D. Del. July 18, 2012) (dismissing indirect and willful infringement claims for that reason).

3.     The pleading rules are designed to ensure that a plaintiff has some basis for its allegations and to put a defendant on reasonable notice of those allegations.  *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Ravgen's allegations for its induced and willful infringement claims against Ariosa, RMS, and RSS do neither.  The Court should dismiss these deficient claims.

## III.   STATEMENT OF FACTS

This case is about whether two blood tests infringe Ravgen's patents:  The Harmony® Prenatal Test, which Defendant Ariosa markets and can be used to detect certain genetic disorders in an unborn child, and a group of the tests marketed by Defendant FMI that can be used to detect certain cancers (i.e., what the complaint calls the "Foundation Liquid Biopsy Tests").  *See, e.g.*, FAC ¶ 69.  Ariosa and FMI, like Defendants RMS and RSS, are subsidiaries of third party Roche Holding Ltd.  *See* FAC ¶ 41 ("Roche Holding Ltd. ('Roche') is a Swiss multinational healthcare company and the ultimate parent company of RMS, RSS, Ariosa and FMI.").

Plaintiff Ravgen claims to be a "pioneering diagnostics company," but—unlike Ariosa and FMI—it does not appear to offer any screening or diagnostic tests. Ravgen is not alleged to be— nor is it—a competitor of Defendants. Rather, its activities appear to be limited to a recent patent-litigation campaign: Since June 1, 2020, Ravgen has filed at least eight separate actions asserting the Patents-in-Suit against Defendants and at least seven other diagnostic and testing companies in both this Court and the Western District of Texas.[2]

Ravgen's two-count FAC in this action seeks relief for a wide variety of claims, including:

- Direct and induced infringement claims, as well as willful infringement claims, under the '277 Patent against Ariosa, RMS, and RSS based on the Harmony® Prenatal Test, *see* FAC ¶¶ 125-127, 130;

- Direct and induced infringement claims, as well as willful infringement claims, under the '720 Patent against Ariosa, RMS, and RSS based on the Harmony® Prenatal Test, *see* FAC ¶¶ 136-138, 145; and

- Direct and induced infringement claims, as well as willful infringement claims, under the '720 Patent against FMI, RMS, and RSS based on the Foundation Liquid Biopsy Tests, *see* FAC ¶¶ 141-142, 147.

Treating each defendant, asserted patent, accused test, and infringement theory separately, Ravgen is seeking relief for 27 claims. Yet, Ravgen's complaint—despite its length—fails to support the majority of those claims with more than conclusory and boilerplate allegations.

Ravgen's induced infringement claims fail to plead any facts that, if taken as true, would or even could sufficiently show that Ariosa, RMS, and RSS ever had knowledge that they were inducing acts that caused patent infringement. For example, with respect to the '277 Patent,

---

[2] *Ravgen, Inc. v. Myriad Genetics, Inc.*, C.A. No. 20-01730-RGA-JLH (D. Del. filed Dec. 21, 2020); *Ravgen, Inc. v. Progenity, Inc.*, C.A. No. 20-01734-RGA-JLH (D. Del. filed Dec. 21, 2020); *Ravgen, Inc. v. Illumina, Inc.*, C.A. No. 20-01644-RGA-JLH (D. Del. filed Dec. 3, 2020); *see also Ravgen, Inc. v. Lab. Corp. of Am. Holdings*, No. 6:20-cv-969-ADA (W.D. Tex. filed Oct. 16, 2020); *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 6:20-cv-972-ADA (W.D. Tex. filed Oct. 16, 2020); *Ravgen, Inc. v. Natera, Inc.*, No. 6:20-cv-451-ADA (W.D. Tex. filed June 1, 2020); *Ravgen, Inc. v. PerkinElmer Inc.*, No. 6:20-cv-452-ADA (W.D. Tex. filed June 1, 2020).

Ravgen alleges that Ariosa, RMS, and RSS "have … induced infringement, and continue to induce infringement" by:

> selling or otherwise supplying the Harmony Prenatal Test with the knowledge and intent that their customers, subsidiaries, intermediates, or agents, including at least Ariosa, will use the Harmony Prenatal Test to infringe the '277 Patent.  Ariosa, RMS, and RSS act with the knowledge and intent to encourage and facilitate third-party infringement through the dissemination of the Harmony Prenatal Test and/or the creation and dissemination of supporting materials, instructions, product manuals, technical information, and or [*sic*] licenses related to the Harmony Prenatal Test.  At a minimum, RMS and RSS have induced and continue to induce infringement by, without limitation, encouraging Ariosa to perform the Harmony Prenatal Test.

FAC ¶ 127.  Ravgen further alleges that:

> Ariosa, RMS, and RSS specifically intend and are aware that the ordinary and customary use of the Harmony Prenatal Test would infringe the '277 Patent.  For example, Ariosa, RMS, and RSS sell and provide the Harmony Prenatal Test, which when used in its ordinary and customary manner intended and instructed by Ariosa, RMS, and RSS, infringe one or more claims of the '277 Patent, including at least exemplary claim 81.  On information and belief, Ariosa, RMS, and RSS further provide product manuals and other instructional materials that cause customers, subsidiaries, intermediaries, or agents to operate the Harmony Prenatal Test for their ordinary and customary use.  (*See, e.g.*, Ex. 43 (Harmony IVD Kit Instructions for Use).)  Ariosa, RMS, and RSS accordingly induce their customers, subsidiaries, intermediaries, or agents to use the Harmony Prenatal Test in its ordinary and customary way to infringe the '277 Patent, ***knowing, or at least being willfully blind to the fact, that such use constitutes infringement of the '277 Patent***.

*Id.* ¶ 128.[3]  Ravgen has pleaded nearly identical allegations to support its claim that Ariosa, RMS, and RSS induce infringement of the '720 Patent via the Harmony® Prenatal Test, FAC ¶¶ 138-139, and to support its claim that RMS and RSS (along with FMI) induce infringement of the '720 Patent via FMI's Foundation Liquid Biopsy Tests, FAC ¶¶ 142-143.  And while Ravgen alleges

---

[3] Emphasis added except where otherwise noted.

4

that "Ariosa, RMS, and RSS have had knowledge of and notice of the '277 Patent and their infringement since at least the launch date of the infringing products," FAC ¶ 129; *see also id.* ¶ 144, Ravgen fails to plead any specific fact that sufficiently supports any pre-suit knowledge that Ariosa, RMS, or RSS had of the alleged infringement.[4]

After Defendants filed their first motions to dismiss, Ravgen amended its complaint to add the following allegations:

> On information and belief, each of the Defendants regularly monitors patents and litigation in the field of prenatal diagnostics and liquid biopsy to determine whether any of their products infringe any patents. On information and belief, after acquiring knowledge of the Patents-in-Suit, each of the Defendants analyzed, or at minimum *should have analyzed* whether any of their products infringed the Patents-in-Suit and developed, or at a minimum *should have developed*, an awareness that they infringed the Patents-in-Suit.

FAC ¶ 119; *see also id.* ¶¶ 110-111 (alleging knowledge of the Patents-in-Suit by RMS, RSS, and Ariosa based on Ravgen's earlier-filed infringement actions against third parties). These new allegations again simply assume—with no support—that Defendants had knowledge of the alleged infringement based on their knowledge of Ravgen's patents.

Ravgen also added a single new exhibit to its amended complaint—Exhibit 82. Exhibit 82 is a letter from John M. Desmarais of Desmarais LLP to Claudia Böckstiegel of F. Hoffman-La Roche Ltd., which copies both RMS and FMI and is dated December 3, 2020—the date on which

---

[4] Nor, for that matter, does Ravgen plead any specific facts to support its allegations that RMS and RSS directly "infringe at least exemplary claim 1 of the '720 Patent by using the Foundation Liquid Biopsy Tests." FAC ¶ 140. Apart from the boilerplate recitation of an agency theory that fails to identify any specific third party that RMS or RSS directs or controls, *see* FAC ¶ 141, Ravgen completely fails to support its claim of direct infringement with specific facts as to the performance of the claimed method by RMS and RSS. This is simply further indication and demonstration of the largely "cut-and-paste" and rote nature of Ravgen's pleadings. *See, e.g., Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Ravgen's original complaint was filed.  *See also* FAC ¶¶ 114, 117.  In that letter, Ravgen wrote

that "[a]fter reviewing specific products made, used or sold by Roche, Ravgen believes that Roche

requires a license to several of the patents in Ravgen's portfolio," including the '720 Patent and

the '277 Patent.  Ravgen attached "[a] table of patents included in the portfolio" as Exhibit A, and

Ravgen's original complaint "filed … on December 3 in Federal District Court in the District of

Delaware," as Exhibit B.  But because the letter was sent to Roche either after or contemporaneous

with Ravgen's filing of its original complaint, such a letter cannot constitute pre-suit notice of

alleged infringement.

Ravgen's willfulness allegations are similarly conclusory and insufficient as to

Defendants' knowledge of the alleged infringement.   The entirety of Ravgen's willfulness

allegations are contained in a single paragraph of the forty-nine page complaint:

> ***Despite their knowledge*** of the Patents-in-Suit and ***of their***
> ***infringement of those patents***, Defendants have continued to
> willfully infringe the Patents-in-Suit so as to obtain the significant
> benefits of Ravgen's innovations without paying compensation to
> Ravgen.   For example, Defendants have continued to use the
> claimed methods in their Harmony Prenatal Test and the Foundation
> Liquid Biopsy Tests without a license, and, on information and
> belief, have generated hundreds of millions of dollars in revenue
> from their infringement.  Additionally, after becoming aware of the
> Patents-in-Suit, Defendants proceeded to commercialize the
> Harmony Prenatal Test and the Foundation Liquid Biopsy Tests
> built on and including the claimed inventions of the Patents-in-Suit
> without entering into a license to the Patents-in-Suit.

FAC ¶ 120.  In Counts I and II, Ravgen just repeats these conclusory allegations in more concise

form:

> ***Ariosa, RMS, and RSS have had knowledge of*** and notice of the
> '277 Patent and ***their infringement*** since at least the launch date of
> the infringing products.
>
> Ariosa, RMS, and RSS's infringement of the'277 Patent has been,
> and continues to be, willful and deliberate since at least the launch
> date of the infringing products.

FAC ¶¶ 129-130; *see also id.* ¶¶ 144-145 ('720 Patent).

## IV.  ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  The plaintiff must do more than "merely plead[] facts that are consistent with a defendant's liability."  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1332 (Fed. Cir. 2012).  Ravgen's induced, contributory, and willful infringement claims fail to comply with this standard and should be dismissed.

### A.  Ravgen's Induced Infringement Claims Should Be Dismissed Because Ravgen Fails To Plead Any Facts That Support Its Conclusory Allegation Of Knowledge Of Infringement And Also Pleads The Same Under An Incorrect Legal Standard.

Ravgen's induced infringement claims against Ariosa, RMS, and RSS should be dismissed because Ravgen has not sufficiently alleged that Ariosa, RMS, or RSS knew that any induced acts constituted infringement.  To state a claim for induced infringement, a "complaint[] must contain facts plausibly showing that [the defendant] specifically intended their customers to infringe the [asserted patents] and ***knew that the customer's acts constituted infringement***."  *In re Bill of Lading*, 681 F.3d at 1339; *see also, e.g., SIPCO, LLC v. Streetline, Inc.*, C.A. No. 16-830-RGA, 2018 WL 762335, at *2 (D. Del. Feb. 7, 2018) (dismissing inducement claims for this reason).  "It is not sufficient for the complaint to contain only a 'formulaic recitation' of the elements of an inducement claim."  *SIPCO*, 2018 WL 762335, at *2 (quoting *In re Bill of Lading*, 681 F.3d at 1346).  Indeed, this Court routinely dismisses induced infringement claims that are only supported by conclusory knowledge-of-infringement allegations.  *See, e.g., Chalumeau*, 2012 WL 6968938, at *1; *IpVenture Inc. v. Lenovo Grp. Ltd.*, C.A. No. 11-588-RGA, 2013 WL 126276, at *2 (D. Del.

Jan. 8, 2013); *IpLearn, LLC v. Beeline Acquisition Corp.*, C.A. No. 11-825-RGA, 2012 WL 12904154, at *2 (D. Del. July 2, 2012).

Here, Ravgen's knowledge-of-infringement allegations are entirely conclusory and, as a result, fail to state a claim. For each of its inducement claims, Ravgen repeats the same boilerplate allegation: That the Defendants sell the accused tests "with the knowledge … that their customers, subsidiaries, intermediaries, or agents … will use the [tests] to infringe" Ravgen's patents, FAC ¶¶ 127, 138, 142, and "knowing, or at least being willfully blind to the fact, that such use constitutes infringement" of its patents, FAC ¶¶ 128, 139, 143. But Ravgen does not allege that it ever took any step to notify Ariosa, RMS, or RSS that it was inducing acts that infringed Ravgen's patents prior to its filing of the original complaint. For example, nowhere does Ravgen allege that it ever communicated at all with any defendant about the Patents-in-Suit with respect to infringement by the accused tests before it filed the original complaint on December 3, 2020; and to the extent Ravgen has alleged that it communicated with Ariosa, RMS, or RSS about the Patents-in-Suit at all before that date, it was about potentially asserting them against a ***different*** company— not about the infringement it alleges here. *See* FAC ¶ 105 (alleging that Ravgen sought a "discussion of Ravgen's patents" with a representative of "Roche Diagnostics," which is not a defendant in this case, "'to go over how our patents can help you in the short term with your litigation battle with Illumina'" (quoting Ex. 75)).

And Ravgen's new allegations based on Defendants' alleged patent-litigation-monitoring practices (for which it alleges no specific facts in support thereof), FAC ¶¶ 119, 112, also miss the mark because those other cases have nothing to do with Defendants' products. *See also* FAC ¶¶ 109-110, 118. Ravgen's suits against other companies did nothing to inform Ariosa, RMS, or RSS that the Harmony® test might infringe Ravgen's patents. Indeed, if there is any conclusion that

Defendants could have drawn from these other filings, it is that they ***did not*** infringe because Ravgen neither sued Defendants nor contacted them when it filed those other suits.

Ravgen's new boilerplate and generic patent-litigation-monitoring allegations fail for additional reasons. ***First***, Ravgen's pleading that Ariosa, RSS, and RMS "should have analyzed[] whether any of their products infringed the Patents-in-Suit" and "should have developed[] an awareness" thereof are allegations directed to an irrelevant ***objective standard*** of knowledge of infringement. *See* FAC ¶ 119. The Supreme Court has been clear that a claim for induced infringement requires subjective awareness on the part of the alleged infringer: "[W]e now hold that induced infringement under § 271(b) ***requires knowledge*** that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1922 (2015) ("*Global-Tech* … was clear in rejecting any lesser mental state as the standard."). And this Court has faithfully applied that standard. *See, e.g.*, *Chalumeau*, 2012 WL 6968938, at *1.

***Second***, this Court has previously rejected allegations closely paralleling those of Ravgen that attribute knowledge of infringement of the Patents-in-Suit to Ariosa, RMS, and RSS as a result of Ravgen's litigation against unrelated entities. In *Chalumeau*, the patent owner alleged knowledge on the part of the defendants based on its prior assertion of the same patents against third party entities: "The Amended Complaint further states that it filed a lawsuit against unrelated defendants on June 28, 2011, asserting undescribed patent infringement of the '885 patent." 2012 WL 6968938, at *1. Though this Court acknowledged that it was a "factual assertion," it rejected the notion that such an allegation could be a basis for pleading either knowledge of the patents or infringement thereof: "The suggestion that filing a lawsuit gives actual knowledge to an unrelated party is … fanciful." *Id.* This Court further concluded that "there is ***no factual basis at all*** to

conclude that the defendants knew that the actions of others who obtained the [accused product] constituted infringement." *Id.*

**And third**, Ravgen's allegations that because Ariosa, RSS, and RMS have the "capability of assessing" patent infringement and "regularly monitor[] patents and litigation in the field," that they therefore must have "developed[] an awareness that they infringed the Patents-in-Suit," after becoming aware of said patents renders the knowledge-of-infringement prong of inducement a dead letter. *See* FAC ¶¶ 118-119. Were such conclusory allegations of knowledge of infringement sufficient—that knowledge of infringement must have inevitably followed from knowledge of the Patents-in-Suit—it would vitiate what the Federal Circuit and this Court have routinely held to be a separate element required to allege a claim for induced infringement. *See, e.g.*, *In re Bill of Lading*, 681 F.3d at 1339; *SIPCO*, 2018 WL 762335, at *2.

Accordingly, there are no adequate allegations in the FAC that connect the Patents-in-Suit to the accused tests.[5] Those omissions remain fatal to Ravgen's inducement claims. *See, e.g.*, *CoolTVNetwork.com, Inc. v. Facebook, Inc.*, C.A. No. 19-292-LPS-JLH, 2019 WL 4415283, at *9 (D. Del. Sept. 16, 2019) (dismissing pre-suit inducement claim where the complaint "d[id] not plead that anyone at [plaintiff] conveyed to anyone at [defendant] an allegation of infringement of the [asserted] patent in connection with the accused instrumentalities" prior to filing the original complaint), *report & recommendation adopted*, 2020 WL 1164224 (Mar. 11, 2020); *Evolved Wireless, LLC v. Samsung Elecs. Co.*, C.A. No. 15-545-SLR-SRF, 2016 WL 1019667, at *3-4, *6 (D. Del. Mar. 15, 2016), *report & recommendation adopted*, 2016 WL 1381765 (Apr. 6, 2016).

---

[5] Even now, Ravgen's FAC fails to connect the Patents-in-Suit to the accused tests via any detailed limitation-by-limitation analysis for claims the tests are alleged to have infringed. Moreover, Ravgen does not allege that it engaged in any patent marking of its own competing product (which Ravgen neither produces nor sells).

Ravgen's FAC contains no allegation beyond mere boilerplate and vague generalizations that Ariosa, RMS, or RSS had knowledge that it was inducing acts that allegedly infringed Ravgen's patent before the filing of Ravgen's original complaint, and "the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement." *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020 WL 4365809, at *2 (D. Del. July 30, 2020) (allegations that defendant "had post-suit knowledge of infringement 'by way of this lawsuit' … do not plead knowledge of infringement because the complaint itself cannot serve as the basis for a defendant's actionable knowledge"). Ravgen's filing of its FAC does not change that calculus, for the mere fact of filing an amended complaint, without something more, cannot convert an insufficient allegation of induced infringement into a sufficient one.[6] *See Chalumeau*, 2012 WL 6968938, at *1 ("I do not think the Amended Complaint supplies any factual accompaniment that would convert the post-suit knowledge [of the asserted patent] into a plausible allegation of knowledge of the infringing use. … The allegations of indirect infringement postdating the filing of the original complaint will also be dismissed.") (dismissing inducement claims).[7] Accordingly, Ravgen's induced infringement claims against Ariosa, RMS, and RSS should be dismissed.

---

[6] Indeed, Ravgen's FAC, just like its original complaint, fails to plead (1) who is directly infringing the Patents-in-Suit, (2) how they are directly infringing, and (3) what exactly the Defendants are doing to induce that infringement, beyond vague, unbounded, and boilerplate allegations.

[7] Moreover, Ravgen cannot rely upon service of its original complaint to provide a basis to support Ariosa's, RSS's, and RSS's post-filing knowledge of infringement—Ravgen's FAC (nor its original complaint) contains no allegation attributing knowledge of the alleged infringement on their part to service of the original complaint.

**B.    Ravgen's Willful Infringement Claims Should Be Dismissed Because Ravgen Fails To Plead Any Facts That Support Its Conclusory Allegation Of Knowledge Of Infringement.**

Ravgen's willful infringement claims should be dismissed for the same reasons that its indirect infringement claims should be dismissed:  Ravgen fails to allege sufficient facts to support its assertions that Ariosa, RMS, or RSS knew, or had any reason to believe, that they were infringing Ravgen's patents.

To plead a claim for willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Välinge Innovation AB v. Halstead New England Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), *report & recommendation adopted*, 2018 WL 11013901 (Nov. 6, 2018).  As with induced infringement, to state a claim for willful infringement, a plaintiff "must allege not only that [the defendant] had knowledge of the asserted patents, but also that [the defendant] had knowledge of its infringement of the asserted patents." *Dynamic Data Techs., LLC v. Brightcove Inc.*, C.A. No. 19-1190-CFC, 2020 WL 4192613, at *5 (D. Del. July 21, 2020).  "[T]here must be some other factual allegations [beyond knowledge of the patent] that go to the accused infringer's subjective intent to infringe—i.e., that plausibly demonstrate that the accused infringer not only knew of the patent-in-suit, but also knew or should have known that what it was doing (and what it continued to do) amounted to infringement of that patent." *Välinge*, 2018 WL 2411218, at *13.

Ravgen's willfulness allegations are simply that "Ariosa, RMS, and RSS have had knowledge of and notice of the [Patents-in-Suit] and their infringement since at least the launch date of the infringing products," and that their "infringement of the [Patents-in-Suit] has been and continues to be, willful and deliberate since at least the launch date of the infringing products."

FAC ¶¶ 129-130 ('277 Patent); *id.* ¶¶ 144-145 ('720 Patent).  Here too, Ravgen does not allege that it provided any Defendant with notice of the alleged infringement prior to its original complaint; nor does it allege that any Defendant received such notice from anyone else.

Moreover, Ravgen's new knowledge-of-infringement allegations based on its prior litigation activity against third parties are insufficient here as well for reasons outlined above. *First*, this Court has previously rejected allegations that attribute knowledge to an alleged infringer based on a patent owner's prior assertion of a patent against unrelated third parties. *See Chalumeau*, 2012 WL 6968938, at *1.  Indeed, this Court deemed such allegations "fanciful" and that there was "no factual basis at all to conclude that the defendants knew that the actions of others who obtained the [accused product] constituted infringement." *Id. Second*, if such allegations were sufficient to plead knowledge of infringement—for, as Ravgen alleges, knowledge of infringement must have inevitably followed from knowledge of the Patents-in-Suit, FAC ¶ 119— it would consistently railroad the knowledge-of-infringement requirement with awareness of the patent-in-suit where the patentee has previously alleged infringement against some other unconnected entity.  This would vitiate, in many instances, what has been repeatedly held a separate and required pleading element of willful infringement.  *See, e.g., Välinge*, 2018 WL 2411218, at *13 ("[T]here must be some other factual allegations that go to the accused infringer's subjective intent to infringe—i.e., that plausibly demonstrate that the accused infringer not only knew of the patent-in-suit, but also knew or should have known that what it was doing (and what it continued to do) amounted to infringement of that patent.").  The Federal Circuit made clear as recently as earlier this month that "knowledge of the [] patent and [] direct infringement of the asserted claims" is insufficient to support willfulness because "[k]nowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. . . ,

[which] requires deliberate or intentional infringement." *Bayer Healthcare LLC v. Baxalta, Inc.*, No. 2019-2418, ___ F.3d ___, 2021 WL 771700, at *16 (Fed. Cir. Mar. 1, 2021) ("[W]illfulness requires deliberate or intentional infringement.").[8]

This Court and other judges in this District routinely find "[s]uch conclusory statements … insufficient to plead a cognizable claim" for willful infringement. *Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 495 (D. Del. 2019) (dismissing willfulness counts where complaint did "not allege[] any facts showing that [the defendant] knew that its [accused] systems infringed the asserted patents" but rather "merely state[d] in each count that '[the defendant's] infringement is reckless, knowing, deliberate, and willful'"); *see also, e.g.*, *Dynamic Data*, 2020 WL 4192613, at *5; *CG Tech. Dev., LLC v. William Hill U.S. Holdco, Inc.*, 404 F. Supp. 3d 842, 852 (D. Del. 2019).

Because Ravgen's FAC fails to allege any facts sufficiently showing that Ariosa, RMS, or RSS knew of the alleged infringement as of the time of the original complaint's filing, its willfulness claims should be dismissed. *See, e.g.*, *Express Mobile, Inc. v. DreamHost LLC*, C.A. No. 18-1173-RGA, 2019 WL 2514418, at *2 (D. Del. June 18, 2019) ("The complaints allege only post-filing knowledge of the alleged infringement. Thus they fail to meet the pleading standard for willful infringement, which requires allegations of willful conduct prior to the filing of the

---

[8] At least one judge in this District has taken the position that the "should have known" portion of the willful infringement standard no longer applies following *SRI International, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295 (Fed. Cir. 2019). *See Dynamic Data*, 2020 WL 4192613, at *4-5 & n.3 ("The Federal Circuit emphasized in [*SRI*] that under *Halo* enhanced damages are available only if a showing of something more than intentional or knowing infringement is made[.]"); *see also NNCrystal US Corp. v. Nanosys, Inc.*, C.A. No. 19-1307-RGA, 2020 WL 616307, at *4 (D. Del. Feb. 10, 2020) ("To plead a claim of willful infringement, the complaint must allege that the accused infringer knew of the patent-in-suit, and knowingly or intentionally infringed the patent after acquiring that knowledge." (citing *EKO Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378-79 (Fed. Cir. 2020)).

claim." (record citation omitted)).  In order to "state a claim of willful infringement, the patentee must allege facts in its pleading plausibly demonstrating that the accused infringer had committed subjective willful infringement **as of the date of the filing** of the willful infringement claim."  *Id.* (internal quotation marks omitted) (quoting *Välinge*, 2018 WL 2411218, at *10-12)); *see also Välinge*, 2018 WL 2411218, at *10-12 (discussing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1282 (Fed. Cir. 2017)).[9]

## V.    CONCLUSION

The Court should dismiss Ravgen's claims of induced infringement (FAC ¶¶ 127-128, 138-139, 142-143) and willful infringement (FAC ¶¶ 129-130, 144-145, Prayer for Relief ¶ D) against Ariosa, RMS, and RSS.  Additionally, because amendment would be futile for the reasons discussed above, including that Ravgen has already twice tried and failed to adequately plead induced and willful infringement, Ariosa, RSS, and RMS respectfully request that the Court deny Ravgen leave to further amend its pleading.

|  |  |
|---|---|
|  | */s/ Frederick L. Cottrell, III* |
|  | Frederick L. Cottrell, III (#2555) |
| *Of Counsel:* | Renée Mosley Delcollo (#6442) |
|  | RICHARDS, LAYTON & FINGER, P.A. |
| Robert J. Gunther, Jr. | One Rodney Square |
| Christopher R. Noyes | 920 North King Street |
| Omar A. Khan | Wilmington, DE 19801 |
| Scott G. Greene | (302) 651-7700 |
| WILMER CUTLER PICKERING | cottrell@rlf.com |
|    HALE AND DORR LLP | delcollo@rlf.com |
| 7 World Trade Center |  |
| 250 Greenwich Street | *Counsel for Defendants Ariosa Diagnostics,* |
| New York, NY 10007 | *Inc., Roche Sequencing Solutions, Inc., and* |
| (212) 230-8800 | *Roche Molecular Systems, Inc.* |

---

[9] Ravgen cannot rely upon its original complaint to provide a basis to support any claim of post-filing willful infringement by Ariosa, RSS, and RMS—Ravgen's FAC (nor its original complaint) contains no allegation attributing either knowledge of the alleged infringement or any willfulness on their part to service of the original complaint.

Timothy A. Cook
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated:  March 19, 2021