## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RAVGEN, INC., | ) | |
|           Plaintiff, | ) | |
| | ) | C.A. No.:  20-1646-RGA-JLH |
|     v. | ) | |
| | ) | |
| ARIOSA DIAGNOSTICS, INC., | ) | |
| ROCHE SEQUENCING SOLUTIONS, INC., | ) | |
| ROCHE MOLECULAR SYSTEMS, INC., and | ) | |
| FOUNDATION MEDICINE, INC., | ) | |
| | ) | |
|           Defendants. | ) | |

## FOUNDATION MEDICINE, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS WILLFUL INFRINGEMENT AND INDUCED INFRINGEMENT CLAIMS

OF COUNSEL:

Matthew M. Wolf
Jennifer A. Sklenar*
Victoria L. Reines
David McMullen
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
(202) 942-5000

Wallace Wu
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
(213) 243-4104

Marty Koresawa
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3338

*Admitted in NY and CA only; practice limited to
matters before federal courts and federal agencies.
Dated:  March 19, 2021

Frederick L. Cottrell, III (#2555)
Renée Mosley Delcollo (#6442)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
delcollo@rlf.com

*Counsel for Defendant Foundation Medicine, Inc.*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.      INTRODUCTION ...................................................................................................... 1

II.     NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

III.    SUMMARY OF ARGUMENT ................................................................................... 1

IV.     STATEMENT OF RELEVANT FACTS ...................................................................... 2

        A.      The Alleged Corporate Relationship Between the Four Defendants. ................... 2

        B.      The Asserted '720 Patent Against FMI. ................................................................ 3

        C.      The Willful Infringement and Induced Infringement Claims. .............................. 3

                1.      FMI's Alleged Pre-Suit Knowledge of the '720 Patent. ........................... 3

                2.      The Remaining Elements of Willful Infringement. .................................. 3

                3.      The Remaining Elements of Induced Infringement. ................................. 4

V.      LEGAL STANDARD ................................................................................................. 4

VI.     ARGUMENT ............................................................................................................. 4

        A.      The FAC Fails to Plausibly Allege Willful Infringement. ..................................... 4

                1.      No Facts Support FMI's Knowledge of the '720 Patent. ........................... 5

                2.      No Facts Support That FMI Knew or Should Have Known That Its
                        Activity Was Infringing. ............................................................................ 7

        B.      The FAC Fails to Plausibly Allege Induced Infringement. ................................... 9

                1.      No Facts Support FMI's Knowledge of the '720 Patent. ........................... 9

                2.      No Facts Support the Remaining Elements of Inducement. ...................... 12

VII.    CONCLUSION ......................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Ashcroft v. Iqbal,*
      556 U.S. 662 (2009)......................................................................................................1, 4

*Bell Atl. Corp. v. Twombly,*
      550 U.S. 544 (2007)......................................................................................................1, 4

*Bench Walk Lighting LLC v. LG Innotek Co.,*
      No. 20-51-RGA, 2021 WL 65071 (D. Del. Jan. 7, 2021)......................................14

*Brandywine Commc'ns Techs., LLC v. CentryTel Broadband Servs.,*
      No. 6:12-cv-286-Orl-36DAB, 2014 WL 12866968 (M.D. Fla. Jan. 15, 2014)......................12

*Brandywine Commc'ns Techs, LLC v. T-Mobile USA, Inc.,*
      904 F. Supp. 2d 1260 (M.D. Fla. 2012)...................................................................11

*Callwave Commc'ns LLC v. AT&T Mobility LLC,*
      No. 12-1701-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014)..................................7, 10, 13

*Dynamic Data Techs. v. Google LLC,*
      No. 19-1529-CFC, 2020 WL 1285852 (D. Del. Mar. 18, 2020), *report and
      recommendation adopted*, 2020 WL 3103786.......................................................5, 7

*E.I. DuPont De Nemours & Co. v. Monsanto Co.,*
      903 F. Supp. 680 (D. Del. 1995)...............................................................................13

*Helios Streaming, LLC v. Vudu, Inc.,*
      No. 19-1792-CFC/SRF, 2020 WL 3167641 (D. Del. June 15, 2020) ....................11

*Innovative Memory Sols. Inc. v. Micron Tech. Inc.,*
      No. 14-1480-RGA (Dec. 4, 2020) ............................................................6, 7, 9, 10

*IP Commc'n Sols., LLC v. Viber Media (USA) Inc.,*
      No. 16-134-GMS, 2017 WL 1312942 (D. Del. Apr. 5, 2017)..................................14

*LoganTree LP v. Omron Healthcare, Inc.,*
      No. 18-1617-MN, 2019 WL 4538730 (D. Del. Sept. 19, 2019)...............................15

*Malvern Panalytical, Inc. v. TA Instruments-Waters, LLC,*
      No. 19-2157-RGA, 2020 WL 8225650 (D. Del. May 5, 2020)........................6, 7, 10

*Midwest Energy Emissions Corp. v. Vistra Energy Corp.,*
      No. 19-1334-RGA-CJB, 2020 WL 3316056 (D. Del. June 18, 2020), *report
      and recommendation adopted*, D.I. 127, July 15, 2020....................................6, 7, 9

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012) .................................................................................8, 15

*N. Star Innovations, Inc. v. Toshiba Corp.*,
   No. 16-115-LPS-CJB, 2016 WL 7107230 (D. Del. Dec. 6, 2016) ...........................................8

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
   No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) ......................................13, 14

*NNCrystal US Corp. v. Nanosys, Inc.*,
   No. 19-1307-RGA, 2020 WL 616307 (D. Del. Feb. 10, 2020).................................... *passim*

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
   No. 6:14-cv-1017-Orl-22KRS, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) .....................10

*Proxyconn Inc. v. Microsoft Corp.*,
   No. SACV 11-1681 DOC (ANx), 2012 WL 1835680
   (C.D. Cal. May 16, 2012) ................................................................................................11, 12

*Secured Mail Sols. LLC v. Advanced Image Direct, LLC*,
   No. SACV 12-01090-DOC, 2013 WL 8596579 (C.D. Cal. Jan. 30, 2013) .....................10, 11

*SIPCO, LLC v. Streetline, Inc.*,
   No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018) ..................................................14

*Superior Indus., LLC v. Thor Glob. Enters. Ltd.*,
   700 F.3d 1287 (Fed. Cir. 2012) .............................................................................................14

*T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*,
   No. 16-581-RGA-MPT, 2017 WL 896988 (D. Del. Mar. 7, 2017)...........................................8

*Varian Med. Sys., Inc. v. Elekta AB*,
   No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016)..................................5, 7, 12, 13

*VLSI Tech LLC v. Intel Corp.*,
   No. 18-0966-CFC, 2020 WL 3488584 (D. Del. June 26, 2020) ..............................................8

*VLSI Tech. LLC v. Intel Corp.*,
   No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ..........................................7, 11

*Wi-Lan USA, Inc. v. Rsch in Motion Ltd.*,
   No. 1:12-cv-24349 (Dkt. 95) (S.D. Fla. June 6, 2013) ..........................................................10

## **Statutes**

35 U.S.C. § 271(b) ...........................................................................................................................13

**<u>Other Authorities</u>**

Fed. R. Civ. P. 12(b)(6)...............................................................................................................1, 4

Fed. R. Civ. P. 15(a)(1)................................................................................................................10

## I.       INTRODUCTION

In its First Amended Complaint ("FAC"), Plaintiff Ravgen, Inc. ("Ravgen") asserts willful infringement and induced infringement of U.S. Patent No. 7,727,720 (the "'720 Patent") against Defendant Foundation Medicine, Inc. ("FMI").  As explained below, the FAC fails to meet the plausibility standard set forth in *Twombly* and *Iqbal*.  The FAC does not provide sufficient factual content to support an inference that FMI had knowledge of the '720 Patent prior to the filing of the original Complaint, which alone is enough to defeat the claims of willful infringement and inducement.  For willful infringement, the FAC further fails to allege facts supporting an inference that FMI knew or should have known that its activity was infringing the '720 Patent.  For induced infringement, Ravgen merely parrots the remaining legal elements without providing any factual support.  Because the FAC does not state plausible claims for willful infringement and induced infringement, these claims should be dismissed under Rule 12(b)(6).

## II.      NATURE AND STAGE OF THE PROCEEDINGS

Ravgen filed its original Complaint on December 3, 2020.  D.I. 1.  All Defendants filed motions to dismiss willful infringement, contributory infringement, and induced infringement claims in the original Complaint.  D.I. 13, 16.  In lieu of opposing the motions, Ravgen filed the FAC on February 19, 2021, dropping its contributory infringement claim and maintaining willfulness and inducement claims.  D.I. 20.

## III.     SUMMARY OF ARGUMENT

1.       The willful infringement claim should be dismissed with prejudice for failure to plead plausible facts supporting that (1) FMI had pre-suit knowledge of the '720 Patent and (2) FMI knew or should have known that it was infringing the '720 Patent.

2.     The inducement claim should be dismissed with prejudice for failure to plead plausible facts supporting that (1) FMI had pre-suit knowledge of the '720 Patent and (2) the remaining elements of inducement are met.

## IV.     STATEMENT OF RELEVANT FACTS

The FAC identifies (1) four Defendants—Ariosa Diagnostics, Inc. ("Ariosa"), Roche Molecular Systems, Inc. ("RMS"), Roche Sequencing Solutions, Inc. ("RSS"), and FMI; (2) two asserted patents—the '720 Patent and U.S. Patent No. 7,332,277 (the "'277 Patent"); and (3) two types of accused tests—Ariosa's Harmony Prenatal Test (the "Harmony Test"), a test that analyzes the probability of chromosomal disorders in the fetus, and FMI's FoundationACT$^{TM}$, FoundationOne$^®$ Liquid, and FoundationOne$^®$Liquid CDx (collectively, the "Liquid Tests"), which are cancer diagnostic tests.  D.I. 20, ¶¶ 1-8.  While Ariosa's Harmony Test is accused of infringing the '720 and '277 Patents, FMI's Liquid Tests are accused of infringing the '720 Patent only.  *Id*. ¶¶ 121-148.

### A.     The Alleged Corporate Relationship Between the Four Defendants.

The corporate relationship of the four named Defendants, or lack thereof, is important to the resolution of the instant motion.  According to the FAC, Roche Holding Ltd. ("Roche"), a Swiss multinational healthcare company, is the ultimate parent company of all four Defendants. *Id*. ¶ 41.  The FAC further alleges that (1) Ariosa launched the Harmony Test in 2012 (*id*. ¶ 54); (2) Roche acquired Ariosa in 2014 and, thereafter, Ariosa become a wholly-owned subsidiary of RMS (*id*. ¶ 41); (3) RSS is a wholly-owned subsidiary of RMS (*id*. ¶ 4); and (4) RMS and RSS control the activities of Ariosa (*id*. ¶ 43).  The FAC further alleges that (1) FMI launched its first generation of the Liquid Tests in 2016 (*id*. ¶ 66) and (2) Roche acquired FMI in 2018 and, thereafter, FMI became a wholly-owned subsidiary of Roche (*id*. ¶ 51).  In other words, other than

2

a common ultimate corporate parent (Roche) after the 2018 acquisition, there is no allegation of

corporate relationship between (1) FMI and (2) Ariosa, RMS, or RSS.

### B.      The Asserted '720 Patent Against FMI.

The '720 Patent relates to a method of detecting free nucleic acid.  *Id.* ¶ 32.  Claim 1 of the

'720 Patent reads:

> A method for detecting a free nucleic acid, wherein said method comprises: (a)
> isolating free nucleic acid from a non-cellular fraction of a sample, wherein said
> sample comprises an agent that impedes cell lysis, if cells are present, and
> wherein said agent is selected from the group consisting of membrane stabilizer,
> cross-linker, and cell lysis inhibitor; and (b) detecting the presence or absence of
> the free nucleic acid.

D.I. 20-2, Ex. 2, 535:15-21.  The '720 Patent issued in 2010.  *Id.* ¶ 29.

### C.      The Willful Infringement and Induced Infringement Claims.

#### 1.      FMI's Alleged Pre-Suit Knowledge of the '720 Patent.

The FAC pleads two theories of FMI's alleged pre-suit knowledge of the '720 Patent for

purposes of establishing willfulness and inducement claims.  The first is a conclusory allegation:

"FMI became aware of the Patents-In-Suit [sic: the Patent-In-Suit] by at least June 2018 when

Roche announced its acquisition of FMI."  *Id.* ¶ 115.  The second is based on the filing of the

original Complaint: "FMI has had knowledge of and notice of the '720 Patent and its infringement

since at least the filing of Ravgen's original Complaint in this matter on December 3, 2020."  *Id.*

¶ 146; *see also id.* ¶ 117 (alleging that FMI has had knowledge of the Patent-in-Suit "by a letter

sent on December 3, 2020, that identified the patents in Ravgen's patent portfolio and attached a

copy of Ravgen's original Complaint filed in this matter.").

#### 2.      The Remaining Elements of Willful Infringement.

Lumping all Defendants together and without referencing any specific patent, the FAC

alleges that (1) "[e]ach of the Defendants is an active participant in patent litigation and

prosecution with the capability of assessing whether any of their products infringe a patent of which they are aware" and (2) "each of the Defendants regularly monitors patents and litigation in the field of prenatal diagnostics and liquid biopsy to determine whether any of their products infringe any patents." *Id.* ¶¶ 118-119.  The FAC further alleges that "each of the Defendants analyzed, or at a minimum should have analyzed, whether any of their products infringed the Patents-in-Suit and developed, or at a minimum should have developed, an awareness that they infringed the Patents in-Suit" (*id.* ¶119), even though only one patent (the '720 Patent) is asserted against FMI.

### 3.    The Remaining Elements of Induced Infringement.

Ravgen claims that, by using its Liquid Tests, FMI directly infringes the '720 Patent.  *Id.* ¶¶ 75, 140-141.  Ravgen further alleges induced infringement by reciting its requisite legal elements. *Id.* ¶¶ 142-143.

## V.    LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) authorizes courts to dismiss a complaint for "failure to state a claim upon which relief can be granted."  To adequately state a claim, a complaint must contain sufficient factual matter to state a facially plausible claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

## VI.    ARGUMENT

### A.    The FAC Fails to Plausibly Allege Willful Infringement.

In order to sufficiently plead willful infringement, a plaintiff must allege facts plausibly showing that the accused infringer (1) "knew of the patent-in-suit" and (2) "knowingly or intentionally infringed the patent after acquiring that knowledge."  *NNCrystal US Corp. v.*

*Nanosys, Inc.*, No. 19-1307-RGA, 2020 WL 616307, at *4 (D. Del. Feb. 10, 2020).  Ravgen fails
to plead both.

### 1.   No Facts Support FMI's Knowledge of the '720 Patent.

Ravgen's allegations of FMI's purported knowledge of the '720 Patent, based on (1) its
corporate relationship with Roche and (2) the original Complaint, fall far short of the plausibility
standard.

***First***, although the FAC alleges that FMI became aware of the '720 Patent "by at least June
2018 when Roche announced its acquisition of FMI" (D.I. 20, ¶ 115), Ravgen has not pled any
facts supporting ***Roche's*** pre-suit knowledge of the '720 Patent.  None of the alleged pre-suit
knowledge of the '720 Patent was tied to ***Roche's*** knowledge of the '720 Patent.

Even if Ravgen could establish Roche's pre-suit knowledge of the '720 Patent, such
knowledge could not be imputed to FMI, following Roche's 2018 acquisition of FMI.  Indeed,
judges in this District have expressly rejected attempts to impute knowledge of a patent to a related
entity when the complaint merely alleges a corporate relationship between the two entities.  In
*Dynamic Data Techs. v. Google LLC*, the complaint alleged that Google had pre-suit knowledge
of the patents-in-suit, but such knowledge was not "specific to YouTube," a subsidiary of Google.
No. 19-1529-CFC, 2020 WL 1285852, at *3 (D. Del. Mar. 18, 2020), *report and recommendation
adopted*, 2020 WL 3103786.  Judge Connolly held that there was no allegation in the complaint to
support "the conclusion that Google's knowledge should be imputed to YouTube," and, as a result,
granted a motion to dismiss willful infringement against YouTube.  *Id.*  Thus, under *Dynamic
Data*, even if Roche were aware of the '720 Patent, such knowledge cannot be imputed to FMI.
*See also Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871-LPS, 2016 WL 3748772, at *5, *8 (D.
Del. July 12, 2016), *report and recommendation adopted*, 2016 WL 9307500 (dismissing a willful
infringement claim against U.S. subsidiaries because plaintiff "needs to set out more than just the

bare fact of the parent/subsidiary relationship in order to make out a plausible claim that the [subsidiaries] had the requisite knowledge of the patent-in-suit …."); *Midwest Energy Emissions Corp. v. Vistra Energy Corp.*, No. 19-1334-RGA-CJB, 2020 WL 3316056, at *5 (D. Del. June 18, 2020), *report and recommendation adopted*, D.I. 127, July 15, 2020 (dismissing willfulness claims against defendant companies that "spun off" from company that purportedly had knowledge of asserted patent).

**Second**, Ravgen's original Complaint cannot supply the knowledge of the '720 Patent to support the willfulness claim in the FAC.  In fact, this Court has consistently dismissed willfulness claims in amended complaints where original complaints were used as the source of knowledge of the asserted patents.  In *Innovative Memory Sols. Inc. v. Micron Tech. Inc*., No. 14-1480-RGA (D.I. 157) (Dec. 4, 2020), the plaintiff's amended complaint included a willfulness claim, where the knowledge of the asserted patents was based solely on the original complaint.  *Id.* at 1.  This Court dismissed the willfulness claim because there was "nothing to suggest any pre-suit knowledge of the two asserted patents."  *Id.* at 2.  This Court further explained that allowing willfulness would "automatically convert[] a non-willfulness case into a willfulness case" if the defendant did not concede after a suit was filed.  *Id.*

Similarly, in *NNCrystal US Corp.*, the plaintiffs alleged willful infringement in the original complaint and, a few months later, filed an amended complaint, which alleged that defendants had knowledge of the asserted patent since the filing of the original complaint.  2020 WL 616307, at *4.  This Court dismissed the willfulness claim because otherwise "all Plaintiffs have to do is allege willfulness [in the original complaint] and that is sufficient to state a claim."  *Id.*; *see also Malvern Panalytical, Inc. v. TA Instruments-Waters, LLC*, No. 19-2157-RGA, 2020 WL 8225650, at *1 (D. Del. May 5, 2020) (dismissing a willfulness claim in an amended complaint because

6

"there are no factual assertions that begin to suggest, prior to the filing of the complaint, actual knowledge as to the … patents"); *Callwave Commc'ns LLC v. AT&T Mobility LLC*, No. 12-1701-RGA, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014) (dismissing a willful infringement claim in an amended complaint because it only relied on the original complaint as the source of the knowledge of the patent-in-suit).

Here, Ravgen's willfulness claim, based on the knowledge of the asserted patent from the original Complaint, is identical to those in *Innovative Memory*, *NNCrystal US Corp.*, *Malvern Panalytical*, and *Callwave* before this Court and should be rejected for the same reason.

## 2. No Facts Support That FMI Knew or Should Have Known That Its Activity Was Infringing.

Even if the requisite knowledge of the '720 Patent could be established, Ravgen's claim of willful infringement against FMI fails for a separate reason—the FAC does not plead a single fact alleging that FMI knew or should have known that its conduct was infringing the '720 Patent.

*First*, Ravgen alleges that "FMI's infringement of the '720 Patent has been, and continues to be, willful and deliberate." D.I. 20, ¶ 147. But judges in this District have consistently found that such a conclusory statement is insufficient. *See, e.g.*, *Midwest Energy Emissions Corp.*, 2020 WL 3316056, at *6 (dismissing a willfulness claim in part because plausible allegations that defendants knew or should have known that their conduct constituted infringement of the asserted patents were lacking); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (same); *Varian Med. Sys.*, 2016 WL 3748772, at *8 ("[A] formulaic recitation" of the elements of a willfulness claim did not articulate how defendants' making, using, or offering of the accused products "actually amounted to an egregious case of infringement of the patent."); *Dynamic Data Techs.*, 2020 WL 1285852, at *2 (dismissing a claim of willful infringement against Google because, even if it had knowledge of the patent-in-suit, "the

Complaint does not contain plausible allegations that Google would then have known that ***it was infringing*** each of the patents-in-suit") (emphasis original).

*Second*, Ravgen's generic allegations that "[e]ach of the Defendants" participates in patent litigation, patent prosecution, and patent monitoring (D.I. 20, ¶¶ 118-119) fail to plead plausible facts to support FMI's knowledge that its activity was infringing.  These allegations improperly lump all Defendants and both asserted patents together, despite the fact that FMI is only accused of infringing one patent.  *See, e.g.*, *T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, No. 16-581-RGA-MPT, 2017 WL 896988, at *7 (D. Del. Mar. 7, 2017) ("Recent decisions in this court make clear that plaintiffs cannot combine allegations against multiple defendants."); *N. Star Innovations, Inc. v. Toshiba Corp.*, No. 16-115-LPS-CJB, 2016 WL 7107230, at *2 (D. Del. Dec. 6, 2016) (dismissing complaint where it "fails to provide Defendants with adequate notice of the … allegations against them" because the complaint refers to all defendant entities as "Defendants," which "leaves the reader confused about which, if any, of these acts are actually being attributed to each Defendant.").  Moreover, general allegations of competitor monitoring are insufficient to establish knowledge of infringement in any event.  *See, e.g.*, *VLSI Tech LLC v. Intel Corp.*, No. 18-0966-CFC, 2020 WL 3488584, at *5 (D. Del. June 26, 2020) ("Allegations about monitoring competition generally and about patents not asserted here" did not "specifically concern" the asserted patents and failed to "allege plausibly that Intel was willfully blind to its infringement of the [asserted claims]."); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012) (dismissing a willful infringement claim in part because a general allegation that the defendant monitored its competitors did not establish that defendant had actual knowledge of the asserted patent).

In sum, because the FAC fails to allege that FMI had pre-suit knowledge of the '720 Patent or that FMI knew, or should have known, it was infringing the '720 Patent, Ravgen's willfulness claim should be dismissed.  Further, the dismissal should be with prejudice because Ravgen has already had an opportunity to remedy the deficiencies in its original Complaint and failed to do so.

### B.      The FAC Fails to Plausibly Allege Induced Infringement.

For induced infringement, a plaintiff "must show … that 'the alleged inducer knew of the patent, [and] knowingly induced the infringing acts.'"  *Midwest Energy Emissions Corp.*, 2020 WL 3316056, at *3.  Ravgen fails to plead plausible facts to support any element of an induced infringement claim.

### 1.      No Facts Support FMI's Knowledge of the '720 Patent.

For the same reasons discussed above, Ravgen's failure to adequately plead pre-suit knowledge of the '720 Patent and knowledge of infringement is fatal to its induced infringement claim.  *Supra* Section VI.A.  As with willfulness, Ravgen's original Complaint cannot supply the requisite knowledge of the '720 Patent to support a post-suit inducement claim in the FAC. Although this Court recently drew a distinction between the knowledge requirement for a willfulness claim and knowledge for an inducement claim, a reconsideration of this distinction is warranted.  *See Innovative Memory*, No. 14-1480-RGA (D.I. 157) (Dec. 4, 2020) (permitting a post-suit inducement claim in an amended complaint where the original complaint supplied the knowledge of the asserted patent).

Like in a willfulness claim, this Court requires the defendant to have knowledge of the asserted patent in order to plead an inducement claim.  *Compare NNCrystal US Corp.*, 2020 WL 616307, at *4 (Willful infringement required that an alleged infringer "knew of the patent-in-suit"), *with Midwest Energy Emissions Corp.*, 2020 WL 3316056, at *3 (Induced infringement required a plaintiff to "show … that 'the alleged inducer knew of the patent'").  As discussed above, this

Court has consistently held that an original complaint cannot supply pre-suit knowledge of the asserted patent in a willfulness claim. *Supra* Section VI.A.1 (discussing *Innovative Memory*, *NNCrystal US Corp.*, *Malvern Panalytical*, and *Callwave*). That rationale should equally apply to an inducement claim; otherwise, it creates a loophole whereby every patent case could include a plausible claim of induced infringement if a plaintiff chooses to amend its complaint. *See* Fed. R. Civ. P. 15(a)(1) (permitting parties to amend pleadings as a matter of course). This loophole is no different than the one this Court often criticized in the willfulness context. *See Innovative Memory*, No. 14-1480-RGA (D.I. 157) at 2 (allowing willfulness based on the original complaint would "automatically convert[] a non-willfulness case into a willfulness case" if the defendant did not concede after a suit was filed); *NNCrystal US Corp.*, 2020 WL 616307, at *4 (noting that plaintiffs' argument is essentially that "all Plaintiffs have to do is allege willfulness [in the original complaint] and that is sufficient to state a claim").

Further, pre-suit knowledge of an asserted patent in an inducement claim (and a willfulness claim) refers to knowledge of the asserted patent ***prior to the original complaint***, not prior to an amended complaint. *See, e.g.*, *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-cv-1017-Orl-22KRS, 2015 WL 1246500, at *10 (M.D. Fla. Mar. 16, 2015) (dismissing an inducement claim in an amended complaint, which used the original complaint as the source of knowledge of the asserted patent, because "'[p]rior to suit' does not mean prior to the current iteration of the Complaint."); *Wi-Lan USA, Inc. v. Rsch in Motion Ltd.*, No. 1:12-cv-24349 (Dkt. 95), at 6-7 (S.D. Fla. June 6, 2013) (rejecting argument that service of the original complaint provided the requisite knowledge of the asserted patent to support a claim of inducement in an amended complaint); *Secured Mail Sols. LLC v. Advanced Image Direct, LLC*, No. SACV 12-01090-DOC (MLGx), 2013 WL 8596579, at *8-9 (C.D. Cal. Jan. 30, 2013) (dismissing inducement and contributory

infringement claims asserted in an amended complaint for failure to plead pre-suit knowledge because neither the filing of the original complaint nor "sending letters after the initial filing of the present action" provided the requisite pre-suit knowledge); *Brandywine Commc'ns Techs, LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1269 (M.D. Fla. 2012) (holding that plaintiff must allege "pre-suit knowledge of the patent-in-suit to establish the scienter required for indirect infringement" and "cannot avoid the pre-suit knowledge requirement" by relying on the filing of the original action prior to severance to establish knowledge for an inducement claim asserted in post-severance complaint).  This interpretation of what constitutes "pre-suit" is consistent with this Court's view that an original complaint cannot supply knowledge of the asserted patent in an amended complaint for willfulness.  If "pre-suit" knowledge meant knowledge prior to the current iteration of the complaint, this Court would have held that an original complaint can provide the "pre-suit" knowledge to support a willfulness claim in an amended complaint.  Thus, the original complaint cannot be the source of knowledge of the asserted patent to establish an inducement claim in an amended complaint.  *See, e.g.*, *Helios Streaming, LLC v. Vudu, Inc.*, No. 19-1792-CFC/SRF, 2020 WL 3167641, at *2 (D. Del. June 15, 2020) ("[T]he complaint itself cannot be the source of the knowledge required to sustain claims of induced … infringement."); *VLSI Tech. LLC*, 2019 WL 1349468, at *2 ("[T]he purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim.").

Finally, requiring a plaintiff to plead knowledge based on facts other than the filing of the original complaint "furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit."  *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC (ANx), 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012); *see also Secured Mail Sols.*, 2013 WL 8596579, at *9 (explaining that allowing an inducement claim "limited to post-litigation conduct"

would "entice[] [plaintiffs] to roll the dice with litigation to receive some recovery for any indirectly infringing conduct taken by a defendant after the filing of a complaint, when the issue could have been resolved more efficiently beforehand"); *Brandywine Commc'ns Techs., LLC v. CentryTel Broadband Servs.*, No. 6:12-cv-286-Orl-36DAB, 2014 WL 12866968, at *7 (M.D. Fla. Jan. 15, 2014) (holding that "pre-suit knowledge of the patents-in-suit" was required to "properly state a claim for indirect infringement" and reiterating *ProxyConn*'s reasoning regarding promoting judicial economy).  Here, the '720 Patent issued in 2010 and the accused FMI Liquid Tests have been on the market since 2016.  Ravgen could have notified FMI of the alleged infringement of the '720 Patent at any time in the four-year window between the 2016 product launch and the 2020 original Complaint, and sought an amicable resolution.  Ravgen did none of that.  FMI should not be punished for Ravgen's failure.  *Proxyconn Inc.*, 2012 WL 1835680, at *5.

### 2.    No Facts Support the Remaining Elements of Inducement.

Even assuming that the FAC adequately pleads that FMI had the requisite knowledge of the '720 Patent and of its alleged infringement, Ravgen's inducement claim fails for three additional reasons.  ***First***, "[t]o state a claim for … induced … infringement, Plaintiff must, *inter alia*, sufficiently allege some underlying act of direct infringement" ***by a third party***.  *Varian Med. Sys.*, 2016 WL 3748772, at *3.  Indeed, Ravgen's allegation of the Liquid Tests' direct infringement of the '720 Patent undermines its induced infringement claim.  In other words, the same activity cannot simultaneously constitute direct infringement and induced infringement of the same patent claims, because induced infringement requires that a ***third party*** is directly infringing the patent and that the defendant is inducing that infringement.  In asserting direct infringement, Ravgen alleges that FMI directly infringes the '720 Patent by using the Liquid Tests, which includes "isolating free nucleic acid … from a sample," "wherein said sample comprises an agent that impedes cell lysis," and "detecting the presence or absence of the free nucleic acid."

D.I. 20, ¶ 140; *see also id.* ¶¶ 75, 141.  Moreover, the FAC alleges that "RMS and RSS have induced and continue to induce infringement by, without limitation, encouraging ***FMI*** to perform the Foundation Liquid Biopsy Tests." *Id.* ¶ 142 (emphasis added).  If, as Ravgen alleges, FMI ***directly*** infringes the '720 Patent, it is not plausible that FMI could simultaneously induce third parties to infringe the same claim with the exact same test and activity.  *See E.I. DuPont De Nemours & Co. v. Monsanto Co.*, 903 F. Supp. 680, 738 n.69 (D. Del. 1995) (rejecting argument that defendant can be liable for inducement if it was liable as a direct infringer).

***Second***, under an induced infringement theory, an alleged infringer is accused of "actively induc[ing]" a third party who directly infringes.  35 U.S.C. § 271(b).  The FAC merely alleges that FMI acts "with the knowledge and intent that [third parties] will use the Foundation Liquid Biopsy Tests … to infringe the '720 Patent" and that FMI acts "with the knowledge and intent to encourage and facilitate third-party infringement." D.I. 20, ¶ 142.  Such conclusory allegations are devoid of supporting facts explaining ***how*** the third parties directly infringe the '720 Patent, ***how*** FMI specifically instructed or directed third parties to use the Liquid Tests in a manner that would infringe the '720 Patent, or ***how*** FMI had (or has) knowledge of the purported infringement.  *See Varian Med. Sys.*, 2016 WL 3748772, at *4 (dismissing inducement claims, in part, because "the Complaint does not sufficiently articulate ***how*** th[e] use of the product can be said to constitute infringement") (emphasis in original); *Callwave Commc'ns*, 2014 WL 5363741, at *2 (D. Del. Jan. 28, 2014) (dismissing an inducement claim in an amended complaint because the allegation was "quite conclusory as to whom the direct infringers are supposed to be—'vendors' and 'business partners'"); *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. 13-2052-LPS, 2014 WL 4675316, at *4 (D. Del. Sept. 19, 2014), *report and recommendation adopted*, D.I. 39, Oct. 22, 2014 (dismissing induced infringement claim where, among other things, "the allegations

otherwise contain no factual specificity as to *how* [the technology] . . . could be used by customers to infringe Neology's intellectual property") (emphasis in original); *IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*, No. 16-134-GMS, 2017 WL 1312942, at *4 (D. Del. Apr. 5, 2017) (dismissing inducement claim because the plaintiff failed to "allege facts supporting how [defendant] specifically instructed or directed customers to use the [accused product] in a manner that would infringe" the asserted patent).  Because Ravgen's FAC does not explain how FMI's customers infringe, it fails to adequately plead inducement.

  ***Finally***, this Court has explained that the "complaint[] must contain facts plausibly showing that [Defendants] specifically intended their customers to infringe the [asserted patents] and knew that the customer's acts constituted infringement."  *SIPCO, LLC v. Streetline, Inc.*, No. 16-830-RGA, 2018 WL 762335, at *2 (D. Del. Feb. 7, 2018).  Here, while the FAC references the "supporting materials, instructions, product manuals, technical information, and or licenses" related to the Liquid Tests (D.I. 20, ¶ 142), it does not allege any facts related to *how* FMI has or had the specific intent to induce third parties to infringe the '720 Patent.  D.I. 20, ¶¶ 142-143.  Under *SIPCO*, such deficiencies are fatal to a claim of inducement.  *SIPCO*, 2018 WL 762335, at *2; *see also Superior Indus., LLC v. Thor Glob. Enters. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) (dismissing induced infringement claim for failure to "allege any facts to support a reasonable inference that [defendant] specifically intended to induce infringement of the … patent or that it knew it had induced acts that constitute infringement"); *Bench Walk Lighting LLC v. LG Innotek Co.*, No. 20-51-RGA, 2021 WL 65071, at *10 (D. Del. Jan. 7, 2021) (*objections to report and recommendation pending*) (dismissing the inducement claim because the complaint failed to allege "the content of those technical manuals or data sheets that show *how* 'Defendants' instruct the[] third parties to infringe") (emphasis in original); *Neology, Inc.*, 2014 WL 4675316, at *6

14

("[A]bsent sufficient factual allegations as to how the Accused Products are said to infringe the patents-in-suit, assertions that a defendant provided unspecified 'training and instructions to [its] customers concerning the use of the Accused Products' are not specific enough to allege the requisite encouragement."); *MONEC Holding AG*, 897 F. Supp. 2d at 234 (Allegations of the defendant "selling, advertising, supplying and instructing its respective customers on the use of the infringing product" were "conclusory averments [and] contain no factual support to establish the requisite 'intent.'"); *LoganTree LP v. Omron Healthcare, Inc.*, No. 18-1617-MN, 2019 WL 4538730, at *4 (D. Del. Sept. 19, 2019) (dismissing inducement in part because the complaint failed to include any allegations regarding the intent required for induced infringement).  In short, Ravgen's induced infringement claim should be dismissed because the FAC fails to plead supporting facts that FMI instructed or encouraged their customers to engage in acts that directly infringe the '720 patent and knew that the customer's acts constituted infringement of the '720 patent.  Further, the dismissal should be with prejudice because Ravgen already had the opportunity to rectify its deficient pleading and failed to do so.

## VII.    CONCLUSION

For the foregoing reasons, FMI respectfully requests that the Court dismiss with prejudice Ravgen's claims of willful infringement and induced infringement against FMI.

/s/ Frederick L. Cottrell
Frederick L. Cottrell, III (#2555)
Renée Mosley Delcollo (#6442)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
delcollo@rlf.com

*Counsel for Defendant Foundation Medicine, Inc.*

OF COUNSEL:

Matthew M. Wolf
Jennifer A. Sklenar*
Victoria L. Reines
David McMullen
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
(202) 942-5000

Wallace Wu
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
(213) 243-4104

Marty Koresawa
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3338

*Admitted in NY and CA only; practice limited to matters before federal courts and federal agencies.
Dated:  March 19, 2021