**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RAVGEN, INC., | |
| Plaintiff, | Civil Action No. 20-cv-1646-RGA-JLH |
| v. | JURY TRIAL DEMANDED |
| ARIOSA DIAGNOSTICS, INC., ROCHE SEQUENCING SOLUTIONS, INC., ROCHE MOLECULAR SYSTEMS, INC., AND FOUNDATION MEDICINE, INC., | |
| Defendants. | |

**PLAINTIFF RAVGEN INC.'S BRIEF IN OPPOSITION TO
FOUNDATION MEDICINE, INC.'S MOTION TO DISMISS
WILLFUL INFRINGEMENT AND INDUCED INFRINGEMENT CLAIMS**

Dated: April 12, 2021

John M. Desmarais (admitted *pro hac vice*)
Kerri-Ann Limbeek (admitted *pro hac vice*)
Jamie L. Kringstein (admitted *pro hac vice*)
Brian D. Matty (admitted *pro hac vice*)
Michael Ling (admitted *pro hac vice*)
Deborah J. Mariottini (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jdesmarais@desmaraisllp.com
klimbeek@desmaraisllp.com
jkringstein@desmaraisllp.com
bmatty@desmaraisllp.com
mling@desmaraisllp.com
dmariottini@desmaraisllp.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Ravgen, Inc.*

**TABLE OF CONTENTS**

**Pages**

Introduction ........................................................................................................................... 1

Nature And Stage Of The Proceedings ................................................................................. 2

Summary Of The Argument ................................................................................................... 2

Statement Of Facts ................................................................................................................ 3

Legal Standards ...................................................................................................................... 4

Argument ................................................................................................................................ 5

I.   Ravgen Plausibly Alleges Post-Suit Willful Infringement. ........................................ 5

    A.   FMI's Post-Suit Knowledge Supports Ravgen's Post-Suit Willful Infringement Claim. ..................................................................................... 5

    B.   Ravgen Plausibly Alleges Post-Suit Willful Infringement. ................................... 10

II.   Ravgen Plausibly Alleges Post-Suit Induced Infringement. ...................................... 12

    A.   FMI's Post-Suit Knowledge Supports Ravgen's Post-Suit Induced Infringement Claim. .................................................................................... 13

    B.   Ravgen Plausibly Alleges Post-Suit Induced Infringement. ................................. 16

Conclusion ............................................................................................................................ 19

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Align Tech., Inc. v. 3Shape A/S,*
339 F.Supp.3d 435 (D. Del. 2018) ........................................................................ 11

*Apple Inc. v. Samsung Elecs. Co.,*
258 F.Supp.3d 1013 (N.D. Cal. 2017) .................................................................... 8

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .............................................................................................. 4

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas,*
571 U.S. 49 (2013) .............................................................................................. 10

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .............................................................................................. 4

*BioMérieux, S.A. v. Hologic, Inc.,*
C.A. No. 18-21, 2018 WL 4603267 (D. Del. Sept. 25, 2018) .............................. 11

*Bio-Rad Labs. Inc. v. Thermo Fisher Scientific Inc.,*
267 F.Supp.3d 499 (D. Del. 2017) ...................................................................... 11

*BlackBerry Ltd. v. Nokia Corp.,*
C.A. No. 17-CV-155-RGA, 2018 WL 1401330 (D. Del. Mar. 20, 2018) .......... 7, 11

*Callwave Comm'ns LLC v. AT&T Mobile LLC,*
C.A. No. 12-1701-RGA *et al*, 2014 WL 5363741 (D. Del. Jan. 28,
2014) .................................................................................................................... 8

*Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.,*
73 F. Supp. 3d 435 (D. Del. Nov. 5, 2014) ...................................................... 13, 18

*DermaFocus LLC v. Ulthera*, Inc.,
201 F. Supp. 3d 465 (D. Del. 2016) .................................................................. 7, 11

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.,*
C.A. No. 2:15-CV-00011-RSP, 2017 WL 5137401 (E.D. Tex. Nov. 4,
2017) .................................................................................................................... 8

*Execware, LLC v. Staples, Inc.,*
C.A. No. 11–836–LPS–SRF, 2012 WL 6138340 (D. Del. Dec. 12,
2012) .................................................................................................................... 8

ii

*Genedics, LLC v. Meta Co.*,
C.A. No. 17-1062-CJB, 2018 WL 3991474 (D. Del. Aug. 21, 2018) ..................................... 11

*Groove Digital, Inc. v. Jam City, Inc.*,
C.A. No. 1:18-cv-01331-RGA, 2019 WL 351254 (D. Del. Jan. 29,
2019) ............................................................................................................... 2, 5, 13, 19

*Groove Digital, Inc. v. King.com, (US) LLC*,
C.A. No. 1:18-cv-00836-RGA, 2018 WL 6168615 (D. Del. Nov. 26,
2018) ...................................................................................................................... 13, 19

*Guardant Health, Inc. v. Foundation Medicine Inc.*,
C.A. No. 17-1616-LPS-CJB, 2020 WL 5994155 (D. Del. Oct. 9, 2020) ................................ 11

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016) .......................................................................................... passim

*Hand Held Prods. v. Amazon.com, Inc.*,
C.A. No. 12-cv-00768-RGA-MPT, 2013 WL 507149 (D. Del. Feb. 6,
2013), *adopted at* 2013 WL 12226658 (D. Del. Mar. 15, 2013) ...................................... 16, 17

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ............................................................................. 5, 17

*In re Seagate Tech., LLC*,
497 F.3d 1360 (Fed. Cir. 2007) .................................................................................. 6

*Innovative Memory v. Micron Tech. Inc.*,
C.A. No. 14-1480-RGA, D.I. 157, slip op. (D. Del. Dec. 4, 2020) ............................... 9, 13, 18

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
C.A. No. 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ...................... 11, 12, 13, 19

*Kyowa Hakka Bio, Co. v. Ajinomoto Co.*,
C.A. No. 17-313, 2018 WL 834583 (D. Del. Feb. 12, 2018) .................................................. 11

*Malvern Panalytical, Inc. v. TA Instruments-Waters, LLC*,
C.A. No. 19-2157-RGA, 2020 WL 8225650 (D. Del. May 5, 2020) ........................... 9, 13, 18

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
851 F.3d 1275 (Fed. Cir. 2017) ..................................................................... 6, 7, 8

*NNCrystal US Corp. v. Nanosys, Inc.*,
C.A. No. 19-1307-RGA, 2020 WL 616307 (D. Del. Feb. 10, 2020) ........................................ 9

*Octane Fitness, LLC v. Icon Health & Fitness, Inc.*,
572 U.S. 545 (2014) .................................................................................................. 6

*Rhodes Pharms. L.P. v. Indivior, Inc.*,
　C.A. No. 16-1308-MSG, 2018 WL 326405 (D. Del. Jan. 8, 2018) .......................................... 11

*Ricoh Co. v. Quanta Comput. Inc.*,
　550 F.3d 1325 (Fed. Cir. 2008) ................................................................................................ 17

*Service Sol'ns U.S., LLC v. Autel U.S. Inc.*,
　No. 13-10534, 2013 WL 5701063 (E.D. Mich. Oct. 18, 2013) ................................................ 13

*Shire ViroPharma Inc. v. CSL Behring LLC*,
　C.A. No. 17-414, 2018 WL 326406 (D. Del. Jan. 8, 2018) ...................................................... 11

*SIPCO, LLC v. Streetline, Inc.*,
　C.A. No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018) ........................................... 19

*Softview LLC v. Apple Inc.*,
　C.A. No. 10-389-LPS, 2012 WL 3061027 (D. Del. Jul. 26, 2012) ............................................ 8

*TecSec, Inc. v. Adobe Inc.*,
　978 F.3d 1278 (Fed. Cir. 2020) ................................................................................................ 14

*Univ. of Mass. Med. Sch. v. L'Oreal S.A.*,
　C.A. No. 17-868-CFC-SRF, 2018 WL 5919745 (D. Del. Nov. 13, 2018) ............................... 11

*Walker Digital, LLC v. Facebook, Inc.*,
　852 F. Supp. 2d 559 (D. Del. 2012) .......................................................................................... 13

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
　824 F.3d 1344 (Fed. Cir. 2016) ................................................................................................ 17

*WBIP, LLC v. Kohler Co.*,
　829 F.3d 1317 (Fed. Cir. 2016) .................................................................................................. 5

*Zimmer Surgical, Inc. v. Stryker Corp.*,
　365 F.Supp.3d 466 (D. Del.  2019) ............................................................................................ 8

*Zimmer Surgical, Inc. v. Stryker Corp.*,
　C.A. No. CV 16-679-RGA-MPT, 2017 WL 3736750 (D. Del. Aug. 30,
　2017) ..................................................................................................................................... 5, 7

**Statutes**

35 U.S.C. § 271(a) ........................................................................................................................... 4

35 U.S.C. § 271(b) ................................................................................................................. 4, 5, 11

35 U.S.C. § 284 ...................................................................................................................... 4, 10, 12

**Other Authorities**

Stipulation of Uncontroverted Facts, *TecSec, Inc. v. Adobe Inc.*,
    C.A. No. 1:10-cv-115-LO/TCB (E.D. Va. filed Dec. 3, 2018), Dkt.
    1303 .................................................................................................................................... 14

## INTRODUCTION

Plaintiff Ravgen, Inc. ("Ravgen") was founded by Dr. Ravinder Dhallan, the inventor of several United States patents in the field of genetic testing and genetic disorder detection, including U.S. Patent Nos. 7,332,277 and 7,727,720 (the "'720 patent") (collectively, the "Patents-in-Suit"). D.I. 20 ("FAC") ¶¶ 15, 25-39.  Leading peer-reviewed medical journals lauded Dr. Dhallan's work on his inventions as laying the foundation for the development of accurate non-invasive prenatal diagnostic and cancer surveillance tests.  *Id.* ¶¶ 21-23; FAC Exs. 18-19 (*Journal of the American Medical Association* editors describing the "profound clinical implications" of Dr. Dhallan's invention "for prenatal diagnosis and cancer surveillance"); FAC Exs. 20-21 (peer reviewers at *The Lancet* journal stating that Dr. Dhallan's innovative test "opens a new era in prenatal screening").  In fact, Ravgen's lauded inventions for preparing samples for analysis and detecting free nucleic acids claimed in the Patents-in-Suit were so innovative and important that the defendants in this case—like their competitors in the market—adopted those technologies for their own non-invasive tests for detecting genetic abnormalities, including their liquid biopsy cancer tests.  FAC ¶¶ 66-75.

Defendant Foundation Medicine, Inc. ("FMI") seeks to dismiss Ravgen's claims for FMI's induced and willful infringement since the filing of Ravgen's original complaint in this case.  *See* D.I. 26 ("Motion").  FMI's Motion raises one main issue: whether FMI's knowledge of infringement since the filing of Ravgen's original complaint and a letter sent to FMI's general counsel can provide the required knowledge of infringement for Ravgen's post-suit willful and induced infringement claims in the FAC.  Precedent in this District and sound policy considerations support allowing claims for post-suit willful and induced infringement occurring after the filing of an original complaint.  Ravgen thus sufficiently alleges FMI's post-suit willful and induced infringement.

1

## NATURE AND STAGE OF THE PROCEEDINGS

Ravgen filed this patent infringement lawsuit on December 3, 2020 against FMI, Ariosa Diagnostics, Inc., Roche Sequencing Solutions, Inc., and Roche Molecular Systems, Inc. for their infringement of the Patents-in-Suit. *See* D.I. 1. On January 29, 2021, FMI moved to dismiss certain claims in Ravgen's complaint. *See* D.I. 15. On February 19, 2021, Ravgen filed its First Amended Complaint. *See* FAC. The FAC pled claims for FMI's infringement of Ravgen's '720 patent. *See id.* ¶¶ 140-147. FMI filed a second motion to dismiss on March 19, 2021. *See* Motion.

## SUMMARY OF THE ARGUMENT

FMI indisputably obtained knowledge of infringement of the '720 patent when Ravgen filed its original complaint in this case and sent a letter to FMI's general counsel the same day, attaching the detailed factual allegations contained in Ravgen's complaint. Ravgen's claims for willful and induced infringement, which are limited to the post-suit time period, are sufficiently supported by the knowledge of infringement FMI gained through Ravgen's complaint and letter.

FMI bases its Motion on the erroneous notion that ***post-filing conduct*** cannot support willfulness or inducement claims without ***pre-suit knowledge***. For willful infringement, this Court has found with increasing frequency, supported by the Supreme Court decision in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016), that post-filing conduct supports a pleading of willful infringement even without pre-suit knowledge of infringement. Similarly for induced infringement, the "filing of the Complaint is sufficient to establish the requisite knowledge for post-filing indirect infringement liability." *Groove Digital, Inc. v. Jam City, Inc.*, C.A. No. 1:18-cv-01331-RGA, 2019 WL 351254, at *4 (D. Del. Jan. 29, 2019). Ravgen's FAC adequately pleads FMI's post-suit knowledge of infringement and sufficiently states claims for post-suit willful and induced infringement at this pleading stage. Accordingly, the Motion should be denied.

**STATEMENT OF FACTS**

Dr. Dhallan founded Ravgen in September 2000 to provide "state of the art genetic testing that will enrich the lives of its patients." FAC ¶ 15. After substantial research, Dr. Dhallan conceived and patented a method for improving non-invasive prenatal genetic testing. *Id.* ¶¶ 19–22. Dr. Dhallan's inventions received widespread notoriety, including publications in multiple renowned medical journals and coverage by well-known news outlets. *Id.* ¶¶ 21–24.

FMI is a medical diagnostics company that is incorporated in this District and that conducts business in this District. *Id.* ¶¶ 6, 12-14. FMI markets various "liquid biopsy" blood tests (the "Foundation Liquid Biopsy Tests") for diagnostic cancer testing. *Id.* ¶¶ 66-68, 75. FMI also markets cell-free DNA collection tubes that are used to gather blood samples for the Foundation Liquid Biopsy Tests. *Id.* ¶ 72. FMI provides instructions, for example to healthcare providers, directing users to collect blood samples in collection tubes specifically tailored for isolating cell-free DNA, such as FMI's cell-free DNA collection tubes. *Id.* ¶¶ 72-73. FMI's cell-free DNA collection tubes include an agent that inhibits cell lysis, and thus the blood samples collected for the Foundation Liquid Biopsy Tests using those tubes contain an agent that inhibits cell lysis. *Id.* ¶ 74. The blood samples are processed to analyze isolated tumor cell-free DNA present in the samples to detect cancer genes. *Id.* ¶ 75.

Ravgen's original complaint filed on December 3, 2020 provided FMI with notice of the Patents-in-Suit and FMI's infringement of the '720 patent. *Id.* ¶ 116. A letter sent to FMI's general counsel that same day, attaching Ravgen's complaint, provided FMI with additional notice of the Patents-in-Suit and infringement of the '720 patent. *Id.* ¶ 117; FAC Ex. 82. Both Ravgen's original complaint and its FAC allege that FMI infringes Ravgen's '720 patent. *See* FAC ¶¶ 140-147. Ravgen does not allege that FMI infringes Ravgen's '277 patent.

Ravgen's FAC states a claim for FMI's direct infringement of the '720 patent under 35 U.S.C. § 271(a).  For example, FMI directly infringes through "use" of the Foundation Liquid Biopsy Tests when they perform the steps of the methods themselves or direct and control the performance of the method by others, such as third-party laboratories.  *Id.* ¶¶ 140-141.  FMI's Motion does not challenge those direct infringement claims.

Ravgen's FAC also states a claim for FMI's induced infringement under 35 U.S.C. § 271(b).  *Id.* ¶¶ 142-143.  For example, FMI induces infringement by providing the Foundation Liquid Biopsy Tests knowing that their "customers, subsidiaries, intermediaries, or agents" will use the tests to infringe the '720 patent.  *Id.* ¶ 142.  In addition to FMI's knowledge of the '720 patent, Ravgen's induced infringement claims are support by FMI's "creation and dissemination of supporting materials, instructions, product manuals, technical information, and licenses" that instruct the use of the Foundation Liquid Biopsy Tests in an infringing manner.  *Id.*; *see also id.* ¶¶ 72-74.  Because Ravgen's induced infringement claim, like its willful infringement claim, focuses on FMI's knowledge and actions after Ravgen filed its original complaint (*see id.* ¶¶ 116, 117), those claims are limited to the post-suit time period.  *Id.* ¶¶ 146, 147.

## **LEGAL STANDARDS**

To survive a motion to dismiss, a complaint must plead "enough factual matter" that, taken as true, "state[s] a claim to relief that is ***plausible*** on its face."[1]  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Where there is willful infringement, 35 U.S.C. § 284 "gives district courts the discretion to award enhanced damages against those guilty of patent infringement."  *Halo Elecs.,* 136 S. Ct. at 1935.  "Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to

---

[1] All emphases herein are added unless otherwise noted.

enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). "Allegations of post-filing conduct can support a finding of willfulness." *Zimmer Surgical, Inc. v. Stryker Corp.*, C.A. No. CV 16-679-RGA-MPT, 2017 WL 3736750, at *2 (D. Del. Aug. 30, 2017).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To state a claim of induced infringement, a complaint must "contain facts ***plausibly showing*** that [a defendant] specifically intended their customers to infringe [an asserted patent] and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "This does not mean, however, that [the plaintiff] must prove its case at the pleading stage." *Id.* "Plaintiff's filing of the Complaint is sufficient to establish the requisite knowledge for post-filing indirect infringement liability." *Jam City*, 2019 WL 351254, at *4.

## ARGUMENT

## I.   RAVGEN PLAUSIBLY ALLEGES POST-SUIT WILLFUL INFRINGEMENT.

Ravgen's claim for FMI's willful infringement of the '720 patent is limited to the post-suit period after December 3, 2020. *See* FAC ¶¶ 146-147. That claim is properly supported by FMI's knowledge of infringement gained from Ravgen's original complaint and a letter sent to FMI the day the complaint was filed. *Id.* ¶¶ 116, 117. FMI's arguments that Ravgen has not pled ***pre-suit*** knowledge do not defeat the FAC's willful infringement claim limited to ***post-suit*** conduct. *Id.* ¶¶ 146-147. Accordingly, Ravgen sufficiently pled its claim for post-suit willful infringement.

### A.   FMI's Post-Suit Knowledge Supports Ravgen's Post-Suit Willful Infringement Claim.

Precedent and policy considerations warrant allowing Ravgen's post-suit willful infringement claim to proceed based on FMI's knowledge since the filing of Ravgen's original complaint. The knowledge element of willfulness requires only that a defendant knows or should

know about an asserted patent and knows, or should know, that it infringes said patent.  *Halo Elecs.*, 136 S. Ct. at 1933-35.  There is no bright-line rule requiring pre-suit knowledge of an asserted patent for a willful infringement claim or for enhanced damages.  Indeed, both the Supreme Court and Federal Circuit have indicated that willful infringement can be based on conduct that occurs after a suit begins.  *See, e.g.*, *Halo Elecs.*, 136 S. Ct. at 1933-35; *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295-96 (Fed. Cir. 2017).

In *Halo Elecs.*, the Supreme Court eschewed the Federal Circuit's prior standard for willfulness—an exacting standard that many courts previously read to require pre-suit knowledge for willfulness claims—in favor of a more flexible standard that allowed district courts to use "sound legal principles" and exercise discretion in awarding enhanced damages.  *Id.* at 1935 (abrogating *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007)).  The Supreme Court abrogated the prior standard, which required proving a defendant's objective knowledge of a patent and of infringement, because that test was "unduly rigid and … impermissibly encumber[ed] the statutory grant of discretion to district courts."  *Halo Elecs.*, 136 S. Ct. at 1932 (quoting *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014)).  Notably, in abrogating *Seagate*, the Supreme Court did not leave in place any requirement that willfulness be based on pre-suit knowledge.  Rather, the Supreme Court held that "[c]ulpability is generally measured against the actor's ***knowledge at the time of the challenged conduct***."  *Halo Elecs.*, 136 S. Ct. at at 1933.  Because Ravgen's willful infringement claim is limited to FMI's ***post-suit infringement*** of the '720 patent, there is every reason under *Halo Elecs.* to consider FMI's ***post-suit knowledge*** of the '720 patent and its infringement since the filing of Ravgen's original complaint.

The *Halo Elecs.* decision also did not leave any barrier to considering post-suit knowledge to support a post-suit willful infringement claim.  FMI's assertion to the contrary that this Court

has "consistently dismissed" willfulness claims based on knowledge from an original complaint (*see* Motion at 6) is incorrect. Multiple cases in this District support the proposition that knowledge gained post-filing can be the basis for a well-pled willful infringement claim as a result of *Halo Elec.*'s rebuke of more exacting requirements. *See, e.g., Zimmer Surgical*, 2017 WL 3736750, at *2 ("Allegations of post-filing conduct can support a finding of willfulness"); *DermaFocus LLC v. Ulthera*, Inc., 201 F. Supp. 3d 465, 473 (D. Del. 2016) (finding that willful infringement claims can be pled based on "mere notice of the charge of infringement gleaned from service of the complaint"); *BlackBerry Ltd. v. Nokia Corp.,* C.A. No. 17-CV-155-RGA, 2018 WL 1401330, at *3 (D. Del. Mar. 20, 2018).

The Federal Circuit has also applied *Halo Elecs.* to allow willful infringement claims to proceed in cases where knowledge of infringement was obtained after, or concurrent with, the commencement of a suit. *See Mentor Graphics*, 851 F.3d at 1295-96. The *Mentor Graphics* court reversed a motion in limine excluding evidence of willful infringement, holding that (1) the district court erred in excluding some evidence as post-suit conduct, and (2) the district court erred in concluding that the plaintiff could not present evidence of willful infringement beginning after the suit commenced without also filing a preliminary injunction. *Id.* at 1295. Notably, *Mentor Graphics* did not add or imply any strict requirement that there be pre-suit knowledge of infringement for a post-suit willful infringement claim. By allowing the plaintiff's post-suit willful infringement claim regardless of whether the plaintiff sought a preliminary injunction, the *Mentor Graphics* Court in essence approved a claim for willful infringement based on knowledge obtained after the suit began. *Id.* at 1295-96.

Courts in multiple Districts have applied *Halo Elecs.* and *Mentor Graphics* in finding that post-suit willful infringement claims based on post-suit knowledge are proper. *See*, *e.g., Apple*

*Inc. v. Samsung Elecs. Co.*, 258 F.Supp.3d 1013, 1026-27 (N.D. Cal. 2017) ("[Defendant's] post-filing conduct alone can serve as the basis of a jury's willfulness finding and an award of enhanced damages."); *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, C.A. No. 2:15-CV-00011-RSP, 2017 WL 5137401, at \*5 (E.D. Tex. Nov. 4, 2017) ("The Federal Circuit [in *Mentor Graphics*] [] has at least suggested that there is no per se rule precluding a finding of willful infringement based solely on conduct occurring after the lawsuit is filed."), *rev'd on other grounds*, 955 F.3d 1317 (Fed. Cir. 2020). Similarly, since *Mentor Graphics*, this Court has continued to sustain willfulness claims, even at the summary judgment stage, based on post-suit conduct. *See Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F.Supp.3d 466, 492 (D. Del. 2019) (denying a motion for summary judgment of no willfulness after determining "that a reasonable jury could find [defendant's] post-filing conduct to be willful").

FMI notes that Courts in this District and others have at times required pre-suit knowledge for all willful infringement claims (whether pre-suit or post-suit) in certain circumstances, but the cases FMI cites are not instructive here. For example, *Callwave Comm'ns LLC v. AT&T Mobile LLC* (*see* Motion at 7) was decided before *Halo Elecs.* and relied on *Seagate* for the notion that plaintiffs could not allege post-complaint willfulness. *See* C.A. No. 12-1701-RGA *et al.*, 2014 WL 5363741, at \*1 n. 2 (D. Del. Jan. 28, 2014).[2] In *NNCrystal US Corp. v. Nanosys, Inc.* (*see* Motion at 6), the Court denied a claim based on knowledge of an original complaint because the plaintiff never served the original complaint, not necessarily because an original complaint cannot be the source of knowledge in a willfulness claim. *See* C.A. No. 19-1307-RGA, 2020 WL 616307,

---

[2] Indeed, many previous decisions requiring pre-suit knowledge for all willfulness claims were largely based on the now-abrogated *Seagate* decision. *See, e.g.*, *Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at \*8 (D. Del. Jul. 26, 2012) ("*Seagate* implies that willful infringement allegations based only on post-filing conduct are inadequate."); *Execware, LLC v. Staples, Inc.*, C.A. No. 11–836–LPS–SRF, 2012 WL 6138340, at \*7 (D. Del. Dec. 12, 2012).

at *4 (D. Del. Feb. 10, 2020).  Similarly, in *Innovative Memory v. Micron Tech. Inc.* (*see* Motion at 6), the Court did not suggest that pre-suit knowledge was a requirement for willful infringement, but rather that was one reason why the overall allegations for willful infringement, which "could charitably be described as bare-bones," did not sufficiently state a willfulness claim.  C.A. No. 14-1480-RGA, D.I. 157, slip op. at 2 (D. Del. Dec. 4, 2020).  Finally, *Malvern Panalytical, Inc. v. TA Instruments-Waters, LLC* (*see* Motion at 6) provides no guidance here because, unlike the present case, the plaintiff in *Malvern* did not file an amended complaint but rather based a pre-suit willfulness claim on previous iterations of the asserted patents.  C.A. No. 19-2157-RGA, 2020 WL 8225650, at *1 (D. Del. May 5, 2020).

Furthermore, none of the cases FMI cites addresses a situation similar to the present case at least because, in addition to the original complaint, Ravgen's letter to FMI identifying FMI's infringement and attaching the original complaint provides additional evidence of FMI's knowledge.  FAC ¶ 117; FAC Ex. 82.  Despite acknowledging that letter (Motion at 3), FMI does not address it in its arguments for dismissal of Ravgen's post-suit willful infringement claim.  Ravgen's letter, in addition to giving FMI notice of infringement, indicated that Ravgen would "prefer to resolve the matter amicably through discussions" and invited a meeting "to discuss licensing terms for the patents in Ravgen's portfolio."  FAC Ex. 82 at 1.  FMI's conduct after receiving that letter—and particularly the lack of any response to the invitation to discuss amicable resolutions—is a factor that the jury should be allowed to consider in evaluating whether FMI's ongoing infringement is willful.  To date, FMI has declined to engage in any conversation about their infringement or potential licensing.  The jury should be permitted to consider FMI's ongoing refusal to engage or to explain why, in their view, a license to Ravgen's patents might not be

needed.  Ravgen's offer for such a conversation, and FMI's silence in response, is an additional differentiator from other cases that further supports the post-suit willful infringement claim.

To the extent FMI argues that any letter giving notice of infringement needed to be sent **before** Ravgen's original complaint (*e.g.*, one day earlier) as opposed to **concurrently** with the complaint, such an overly-rigid line should be rejected in view of *Halo Elecs*.  *See* 136 S.Ct. at 1926-27 (eschewing any rigid formula for awarding enhanced damages under 35 U.S.C. § 284). Imposing a requirement for earlier notice letters to provide an opportunity for resolving disputes without litigation would unnecessarily complicate the analysis by necessitating an evaluation of how early before filing a complaint is "early enough" to support a claim for willful infringement in the complaint following the notice.  And an extended pre-suit notice requirement would give defendants the option of reflexively filing declaratory judgment actions and vitiate the Supreme Court's stated "plaintiff's venue privilege" allowing plaintiffs "to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations)."  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013).

Accordingly, in view of the original complaint and the letter regarding FMI's infringement, the FAC pleads sufficient facts to show FMI's knowledge of infringement of the '720 patent.

**B.      Ravgen Plausibly Alleges Post-Suit Willful Infringement.**

Ravgen's allegations that FMI had knowledge of infringement from both Ravgen's original complaint and Ravgen's letter to FMI's general counsel satisfy the knowledge element and sufficiently supports Ravgen's claim for post-suit willful infringement. The filing and service of the FAC—with its detailed factual allegations explaining how the performance of the Foundation Liquid Biopsy Tests infringe with exemplary mappings of at least one asserted claim—establishes knowledge of the '720 patent and of infringement for FMI's post-suit conduct.  *IOENGINE, LLC*

*v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 330515, at *7 (D. Del. Jan. 25, 2019) ("With respect to the allegations of post-suit willfulness, knowledge is a given . . . .").

FMI's assertion that there must be something more than the original complaint and concurrent letter to FMI to support Ravgen's post-suit willful infringement claim is incorrect. *See* Motion at 7-9. "[T]here is no requirement that the plaintiff plead additional facts, beyond knowledge of the patent or patents, in order for a claim of willful infringement to survive a motion to dismiss." *IOENGINE*, 2019 WL 330515 at *7. In particular, "[s]ince the Supreme Court's decision in [*Halo Elecs.*], courts in this district have held that is not necessary for the plaintiff to plead that the defendant has engaged in some form of egregious conduct in order to avoid dismissal on the pleadings." *Id.*; *see also Guardant Health, Inc. v. Foundation Medicine Inc.*, C.A. No. 17-1616-LPS-CJB, 2020 WL 5994155, at *3 (D. Del. Oct. 9, 2020) ("[S]tating a claim for willful infringement . . . does not 'require that the patentee plead facts plausibly evidencing 'egregious' infringement conduct.'").[3]

There are also several practical reasons not to require additional factual allegations of egregious conduct at the pleading stage. Unlike induced or contributory infringement, which are independent causes of action (*see* 35 U.S.C. § 271(b)–(c)), willful infringement is not itself a cause of action—nor can a plaintiff show a legal ***entitlement*** to enhanced damages based on satisfying

---

[3] *See also Rhodes Pharms. L.P. v. Indivior, Inc.*, C.A. No. 16-1308-MSG, 2018 WL 326405, at *9 (D. Del. Jan. 8. 2018); *Univ. of Mass. Med. Sch. v. L'Oreal S.A.*, C.A. No. 17-868-CFC-SRF, 2018 WL 5919745, at *8 (D. Del. Nov. 13, 2018); *BioMérieux, S.A. v. Hologic, Inc.*, C.A. No. 18-21, 2018 WL 4603267, at *6 (D. Del. Sept. 25, 2018); *Align Tech., Inc. v. 3Shape A/S*, 339 F.Supp.3d 435, 448-49 (D. Del. 2018); *Genedics, LLC v. Meta Co.*, C.A. No. 17-1062, 2018 WL 3991474, at *15 (D. Del. Aug. 21, 2018); *Blackberry*, 2018 WL 1401330, at *3; *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, C.A. No. 17-313, 2018 WL 834583, at *13 (D. Del. Feb. 12, 2018); *Shire ViroPharma Inc. v. CSL Behring LLC*, C.A. No. 17-414, 2018 WL 326406, at *3 (D. Del. Jan. 8, 2018); *Bio-Rad Labs. Inc. v. Thermo Fisher Scientific Inc.*, 267 F.Supp.3d 499, 501 (D. Del. 2017); *DermaFocus*, 201 F.Supp.3d at 473.

any set of elements. Rather, a prayer for enhanced damages is a request for the Court to exercise its discretion based on the circumstances of the case after trial. *See Halo Elecs.*, 136 S. Ct. at 1931–32; 35 U.S.C. § 284. Indeed, *Halo Elecs.* did not rule on the elements required at the pleading stage because it analyzed a post-trial award, and the Supreme Court specifically rejected rigid tests or precise rules for enhanced damages. 136 S. Ct. at 1932, 1934. Most importantly, requiring only a showing of knowledge at the pleading stage is logical because the "facts bearing on willfulness are likely to be, in large measure, in the possession of the defendant and available to the plaintiff only through discovery." *IOENGINE*, 2019 WL 330515, at *8.

For the foregoing reasons, the Court should deny FMI's Motion regarding Ravgen's post-suit willful infringement claims.[4]

## II.    RAVGEN PLAUSIBLY ALLEGES POST-SUIT INDUCED INFRINGEMENT.

Defendants' arguments for Ravgen's post-suit induced infringement claim largely mirror their arguments for Ravgen's post-suit willful infringement claims, and they fail for similar reasons. Ravgen's claim for FMI's induced infringement of the '720 patent is limited to the post-suit period after December 3, 2020, based on FMI's post-suit knowledge of infringement gained from Ravgen's original complaint and the letter sent to FMI the day the complaint was filed. FAC ¶¶ 116, 117, 146. FMI's arguments that Ravgen has not pled *pre-suit* knowledge do not undermine the FAC's induced infringement claim based on FMI's ***post-suit*** knowledge and ***post-suit*** conduct. *Id.* ¶ 146. Ravgen sufficiently pled its claim for post-suit induced infringement.

---

[4] If the Court were to dismiss the willful infringement claim at this stage, however, Ravgen requests that dismissal be without prejudice and that Ravgen be permitted liberal discovery regarding FMI's knowledge of the '720 patent and FMI's subjective knowledge thereafter. Indeed, without discovery, it can be impossible to have all facts concerning a defendant's subjective knowledge. *IOENGINE*, 2019 WL 330515, at *8.

A.     **FMI's Post-Suit Knowledge Supports Ravgen's Post-Suit Induced Infringement Claim.**

Ravgen's allegations of FMI's post-suit knowledge of the '720 patent are sufficient for Ravgen's claim of post-suit induced infringement.  As an initial matter, the knowledge requirement for induced infringement is less stringent than that for willful infringement. *See Innovative Mem.,* C.A. No. 14-1480-RGA, D.I. 157, slip op. at 2 ("I do not think the requirements in regard to state of mind for indirect infringement are as great as they are for willfulness").  Ravgen adequately pled FMI's post-suit knowledge for willful infringement, as explained above, and adequately pled FMI's post-suit knowledge for induced infringement for many of the same reasons.

This Court has consistently allowed post-suit knowledge to sustain a claim for post-suit indirect infringement, regardless of the disposition of any related willful infringement claims.  *See, e.g.*, *Jam City*, 2019 WL 351254, at *4 ("Plaintiff's filing of the Complaint is sufficient to establish the requisite knowledge for post-filing indirect infringement liability."); *Malvern,* 2020 WL 8225650, at *1; *Innovative Mem.*, C.A. No. 14-1480-RGA, D.I. 157, slip op. at 2; *Groove Digital, Inc. v. King.com, (US) LLC*, C.A. No. 1:18-cv-00836-RGA, 2018 WL 6168615 at *2 (D. Del. Nov. 26, 2018).[5]  FMI acknowledges the existence of those cases and requests "a reconsideration" (Motion at 9) but provides no good reason for the Court to upend the precedent.

---

[5] Other courts in this District and throughout the country agree that "there is no legal impediment to having an indirect infringement cause of action limited to post-litigation conduct." *E.g. Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012); *see also IOENGINE,* 2019 WL 330515 at *4 ("[K]nowledge of the patents was clearly conveyed [to defendant] by the service of the complaint."); *Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.*, 73 F. Supp. 3d 435, 441 (D. Del. Nov. 5, 2014) ("[Defendant] has had knowledge of the patents-in-suit since at least the filing date of the complaint.  Courtesy's summary statements for induced and contributory infringement are facially plausible and provide [Defendant] notice of the indirect infringement claims."); *Service Sol'ns U.S., LLC v. Autel U.S. Inc.*, No. 13-10534, 2013 WL 5701063, at *9-10 (E.D. Mich. Oct. 18, 2013).

FMI's request for a "reconsideration" finds no sound basis in law, and the Federal Circuit has declined the ruling FMI requests from the Court here.  In particular, the Federal Circuit recently held that a defendant can be liable for post-suit induced infringement as long as a jury can find that it had knowledge of infringement *in the relevant period*.  *See TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1286–87 (Fed. Cir. 2020) (reversing district court ruling that precluded induced infringement for part of post-suit period).  In *TecSec*, there was no pre-suit knowledge at all.  *See* Stipulation of Uncontroverted Facts ¶ 16, *TecSec, Inc. v. Adobe Inc.*, No. 1:10-cv-115-LO/TCB (E.D. Va. filed Dec. 3, 2018), Dkt. 1303, ("TecSec did not provide Adobe with actual notice of alleged infringement . . . through a letter alleging infringement or otherwise before TecSec filed this lawsuit . . . .").  The district court held that a claim construction ruling favorable to noninfringement voided the knowledge necessary for induced infringement.  *TecSec*, 978 F.3d at 1286.  The Federal Circuit reversed.  *Id.* at 1282.  In holding that the defendant could have had the requisite knowledge for post-suit induced infringement and that the jury should have considered post-suit facts for knowledge, the Federal Circuit's opinion necessarily implies that a defendant can be liable for induced infringement in a wholly post-suit period despite having had no pre-suit knowledge.  *Id.* at 1287–89.

FMI's appeal to fairness considerations, asserting that allowing post-suit induced infringement claims based on post-suit knowledge creates a "loophole" for plaintiffs, is also flawed.  *See* Motion at 9-10.  The policy considerations supporting claims for post-suit induced infringement based on post-suit knowledge are sound.  FMI's so-called "loophole" (*id.* at 10) is nothing more than allowing a patent holder to state a claim that they are entitled to pursue.  As soon as an infringing defendant gains knowledge of a patent and its inducement of patent infringement, it is then liable for induced infringement.  From then on, the infringer's continuing

inducement of infringement gives rise to a claim for the patent holder.  Of course, the infringing party could always avoid the supposed "loophole" by ceasing to induce infringement.  But if they do not do so, there is no supportable reason for precluding the patent holder from pursuing its claim for the infringer's ongoing inducement.  To preclude such claims would actually create a loophole for infringers, allowing them to induce infringement as much as they please after the filing of a complaint as long as they can show they did not have pre-suit knowledge.

FMI's additional argument that plaintiffs should be required to plead facts other than filing the original complaint for judicial economy and preserving resources (Motion at 11) ignores that Ravgen did plead facts other than the filing of its original complaint.  In particular, Ravgen sent a letter to FMI's general counsel on December 3, 2021 that provided FMI with notice of the '720 patent and its infringement.  FAC ¶ 117.  As discussed above in Section I.B, that letter provided FMI with the required knowledge of infringement and should not be dismissed merely because FMI might assert it was not sent "early enough" to support a claim for induced infringement following the notice.  Any policy argument FMI might make for encouraging parties to send such letters early—and in particular the assertion that Ravgen could have contacted FMI "at any time in the four-year window between the 2016 product launch and the 2020 original Complaint, and sought an amicable resolution" (Motion at 12)—fails to overcome the fact that the letter put FMI on notice when it was sent and thus gives FMI knowledge of infringement from that time on. FMI's insinuation that earlier contact could have resolved disputes amicably is also belied by the fact that FMI still has not responded to Ravgen's letter and its open invitation "to resolve the matter amicably through discussions" and "to discuss licensing terms for the patents in Ravgen's portfolio."  FAC Ex. 82 at 1.

Thus, because **pre-suit** knowledge is not required for Ravgen's claim of **post-suit** induced infringement, Ravgen has adequately pled the knowledge element for its post-suit induced infringement claim.

### B.    Ravgen Plausibly Alleges Post-Suit Induced Infringement.

Ravgen has adequately pled its claim for FMI's induced infringement.  FMI's three arguments essentially seek to raise the pleading standards—in some instances demanding information that, without discovery, is only available to FMI at this stage—and do not undermine Ravgen's sufficiently pled post-suit induced infringement claim.

*First*, FMI's argument that it cannot both be directly infringing and inducing infringement is without merit.  *See* Motion at 12-13.  It is plausible that, as pled, FMI both performs the Foundation Liquid Biopsy Tests itself and also provides the Foundation Liquid Biopsy Tests for third parties to perform the infringing method.  *See* FAC ¶¶ 72, 142-143.  FMI's insinuation that direct infringement and induced infringement are mutually exclusive for its tests ignores that the question of which type of infringement applies to FMI for a given use depends on the entity using the test.  As Ravgen pled, in addition to directly infringing through FMI's own use of its test (*see id.* ¶¶ 140, 141), FMI induces third parties to infringe through the third parties' use of the test (*see id.* ¶¶ 142, 143).  To the extent FMI complains that Ravgen cannot identify exactly which third-party entities FMI supplies its tests to—including the "customers, subsidiaries, intermediaries, or agents" identified in the FAC (*see id.* ¶ 142)—that specific information is only available to FMI at this stage and is not required for the plausible allegation that such third parties exist.  *See Hand Held Prods. v. Amazon.com, Inc.*, C.A. No. 12-cv-00768-RGA-MPT, 2013 WL 507149, at *3 (D. Del. Feb. 6, 2013), *adopted at* 2013 WL 12226658 (D. Del. Mar. 15, 2013) (holding that a "plaintiff need not identify a *specific* direct infringer," as long as they "plead facts sufficient to

allow an inference that at least one direct infringer exists").  Nevertheless, here the Complaint unmistakably identifies FMI's customers as direct infringers for purposes of indirect infringement.

*Second*, FMI cherry picks two clauses from the FAC and ignores the remaining factual allegations to dismiss Ravgen's allegations as "conclusory."  *See* Motion at 13-14.  For example, FMI argues that its picked sentences do not explain "***how*** FMI specifically instructed or directed third parties to use the Liquid Tests in a manner that would infringe the '720 patent."  *Id.* at 13.  Ravgen provided examples of how FMI instructs or directs third parties to infringe through instructions and directions that ***require*** the Foundation Liquid Biopsy Tests to be used in the manner that infringes the '720 patent.  *See* FAC ¶¶ 72, 73.  And Ravgen's claim explains that FMI induces infringement through its "creation and dissemination of supporting materials, instructions, product manuals, technical information, and or licenses," including the examples cited in Ravgen's pleading.   FAC  ¶¶  142, 143 (citing FAC Ex. 58 (FoundationOne  Liquid  CDx  Technical Information)).  Further discovery will reveal the exact nature and extent of FMI's inducement, and Ravgen is not required to prove all relevant facts for its claim at this stage.  The pleading standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" that the defendant is liable for the misconduct alleged.  *In re Bill of* Lading, 681 F.3d at 1341.  Ravgen's FAC meets that standard for its allegations of FMI's inducement.

*Third*, FMI's assertion that Ravgen "does not allege any facts related to how FMI has or had the specific intent to induce third parties to infringe the '720 Patent" misapplies the law and fails to address the allegations in Ravgen's FAC.   Specific intent may be inferred from circumstantial evidence, including from the nature or detail of the acts of inducement.  *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016); *Ricoh Co. v. Quanta Comput. Inc.*, 550 F.3d 1325, 1343 (Fed. Cir. 2008) ("[P]roviding instruction on how to engage in

an infringing use 'show[s] an affirmative intent that the product be used to infringe.'").  As explained above, the FAC includes multiple factual allegations that support a plausible inference of specific intent to induce infringement.  In particular, the FAC alleges that (1) FMI requires users to use its tests in an infringing manner (FAC ¶¶ 72, 73); (2) FMI has been aware or at a minimum should have been aware, of the '720 patent and the fact that performance of the Foundation Liquid Biopsy Tests infringe since Ravgen's original Complaint and letter to FMI (*id.* ¶¶ 78, 117, 118, 146); (3) FMI encourages and facilitates third-party infringement through the dissemination of the Foundation Liquid Biopsy Tests and supporting materials, instructions, product manuals, technical information, or licenses (*id.* ¶ 142); and (4) FMI is aware that ordinary and customary use of the Foundation Liquid Biopsy Tests infringes the '720 patent and yet continues to provide the tests and instruct their infringing use (*id.* ¶¶ 140, 143).

Ravgen's well-pled allegations, when taken collectively and in context of Ravgen's full pleading, adequately support a plausible inference that FMI induces infringement of the '720 patent with its Foundation Liquid Biopsy Tests.  This Court and others have allowed induced infringement claims to survive motions to dismiss on much less.  *See, e.g.*, *Malvern*, 2020 WL 8225650, at *1 ("At least since the filing of the original complaint . . . Defendants have had knowledge of the asserted patents.  Plaintiff asserts that Defendants have product literature that tells customers how to use the products in an infringing manner. . . . While not much, I think this is sufficient at the pleading stage to plausibly allege the induced part of induced infringement."); *Innovative Mem.*, C.A. No. 14-1480-RGA, D.I. 157, slip op. at 2 (denying a motion to dismiss indirect infringement based on "bare-bones" allegations of post-complaint indirect infringement); *Courtesy Prods.*, 73 F. Supp. 3d at 441 ("[Defendant has had knowledge of the patents-in-suit since at least the filing date of the complaint.  [Plaintiff]'s summary statements for induced and

contributory infringement are facially plausible and provide [Defendant] notice of the indirect infringement claims."); *IOENGINE,* 2019 WL 330515, at *4; *Jam City*, 2019 WL 351254, at *4; *King.com* 2018 WL 6168615, at *2.

Finally, the main case on which Defendants rely, *SIPCO, LLC v. Streetline, Inc.*, C.A. No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018)*,* is inapposite because the complaint in *SIPCO* only included a lone allegation of induced infringement with nothing more than a bare recitation of the legal elements of inducement.  *See id.* at *2.  Ravgen's FAC, unlike the complaint in *SIPCO*, includes multiple factual allegations of FMI's knowledge, intent, and actions taken to encourage use of the Foundation Liquid Biopsy Tests in a manner that infringes the '720 patent, as summarized above.  *Cf. IOENGINE,* 2019 WL 330515, at *4.

For the foregoing reasons, the Court should deny FMI's Motion regarding Ravgen's post-suit induced infringement claims.[6]

### CONCLUSION

For the foregoing reasons, Ravgen respectfully requests that this Court deny FMI's motion to dismiss Ravgen's claims of induced and willful infringement.

---

[6] If the Court were to dismiss the induced infringement claim at this stage, however, Ravgen requests that dismissal be without prejudice and that Ravgen be permitted liberal discovery regarding FMI's knowledge of the '720 patent and FMI's subjective knowledge thereafter.  Indeed, without discovery, it can be impossible to have all facts concerning a defendant's subjective knowledge.  *IOENGINE*, 2019 WL 330515, at *8.

Dated: April 12, 2021

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

John M. Desmarais (admitted *pro hac vice*)
Kerri-Ann Limbeek (admitted *pro hac vice*)
Jamie L. Kringstein (admitted *pro hac vice*)
Brian D. Matty (admitted *pro hac vice*)
Michael Ling (admitted *pro hac vice*)
Deborah J. Mariottini (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jdesmarais@desmaraisllp.com
klimbeek@desmaraisllp.com
jkringstein@desmaraisllp.com
bmatty@desmaraisllp.com
mling@desmaraisllp.com
dmariottini@desmaraisllp.com

*Attorneys for Plaintiff Ravgen, Inc.*

20