# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAVGEN, INC.,<br><br>    *Plaintiff*,<br><br>  v.<br><br>ARIOSA DIAGNOSTICS, INC., ROCHE SEQUENCING SOLUTIONS, INC., ROCHE MOLECULAR SYSTEMS, INC., and FOUNDATION MEDICINE, INC.<br><br>    *Defendants*. | C.A. No. 20-1646-RGA-JLH |

## REPLY BRIEF IN SUPPORT OF
## ARIOSA DIAGNOSTICS, INC.'S, ROCHE SEQUENCING
## SOLUTIONS, INC.'S, AND ROCHE MOLECULAR SYSTEMS, INC.'S
## MOTION TO DISMISS RAVGEN, INC.'S SECOND AMENDED COMPLAINT

Robert J. Gunther, Jr.
Christopher R. Noyes
Omar A. Khan
Scott G. Greene
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

Timothy A. Cook
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Dated: April 26, 2021

Frederick L. Cottrell, III (#2555)
Renee Mosley Delcollo (#6442)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
delcollo@rlf.com

*Counsel for Defendants Ariosa Diagnostics, Inc., Roche Sequencing Solutions, Inc., and Roche Molecular Systems, Inc.*

## **TABLE OF CONTENTS**

I. INTRODUCTION ..............................................................................................1
II. ARGUMENT......................................................................................................2
    A. Ravgen's Opposition Improperly Relies on Assertions Not Pled in the SAC. ..........................................................................................2
    B. Ravgen Improperly Conflates Knowledge of Patents and Knowledge of Infringement. ........................................................................5
    C. Ravgen's Caselaw Is Inapposite. ...............................................................8
III. CONCLUSION.................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*3Shape A/S v. Align Technology, Inc.*,
    C.A. No. 18-886-LPS-CJB, 2019 WL 1416466 (D. Del. Mar. 29, 2019) ..................9

*Bayer Healthcare LLC v. Baxalta, Inc.*,
    989 F.3d 964 (Fed. Cir. 2021)..................................................................................6

*Burtch v. Milberg Factors, Inc.*,
    662 F.3d 212 (3d Cir. 2011)......................................................................................6

*Callwave Commc'ns LLC v. AT&T Mobility LLC*,
    C.A. No. 12-1701-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014) .......................4

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
    C.A. No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012)...................6, 7

*Commil USA, LLC v. Cisco Systems, Inc.*,
    575 U.S. 632 (2015)..................................................................................................6

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
    C.A. No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020)......................10

*Express Mobile, Inc. v. DreamHost LLC*,
    C.A. No. 18-1173-RGA, 2019 WL 2514418 (D. Del. June 18, 2019) ..................5, 6

*Groove Digital, Inc. v. Jam City, Inc.*,
    No. 18-1331-RGA, 2019 WL 351254 (D. Del. Jan. 29, 2019)................................10

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012).................................................................................6

*Intellectual Ventures I LLC v. Toshiba Corp.*,
    66 F. Supp. 3d 495 (D. Del. 2014)............................................................................5

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    C.A. No. 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ..........................9

*M2M Sols. LLC v. Telit Commc'ns PLC*,
    C.A. No. 14-1103-RGA, 2015 WL 4640400 (D. Del. Aug. 5, 2015)........................3

*Secured Mail Sols. v. Advanced Image Direct, LLC*,
    C.A. No. 12-01090-DOC, 2013 WL 8596579 (C.D. Cal. Jan. 30, 2013).................5

*SIPCO, LLC v. Streetline, Inc.*,
    C.A. No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018) ............................6

*Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*,
    C.A. No. 17-1390-LPS-CJB, 2019 WL 8641303 (D. Del. Aug. 7, 2019) .............................. 8, 9

*University of Massachusetts Medical School v. L'Oréal S.A.*,
    C.A. No. 17-868- CFC-SRF, 2018 WL 5919745 (D. Del. Nov. 13, 2018), ......................... 8, 9

*Välinge Innovation AB v. Halstead New England Corp.*,
    C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ............................... 6

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    C.A. No. 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24, 2021) .............................. 5

**I.      INTRODUCTION**

Despite filing an Amended Complaint in an attempt to cure the pleading deficiencies detailed in Defendants' initial motions to dismiss, Ravgen's opposition confirms that its amended pleading still fails to state claims of induced and willful infringement against Ariosa, RMS and RSS (collectively, "the Roche Defendants"). Ravgen's opposition goes well beyond the allegations of its Second Amended Complaint ("SAC")[1] in an attempt to salvage its claims. Indeed, there is no allegation in Ravgen's SAC, beyond conclusory boilerplate, that the Roche Defendants had knowledge of infringement before Ravgen filed its original complaint. Statements in Ravgen's brief that the Roche Defendants' knowledge of infringement resulted from pre-suit contact with Ravgen are absent from the original and amended complaints. Ravgen's attempt at post-hoc gap-filling cannot save its deficient claims as pled and already once amended.

Ravgen's opposition also largely ignores well-established precedent that knowledge of a patent and knowledge of infringement are separate and distinct elements required for both inducement and willful infringement. Ravgen's opposition repeatedly conflates these two elements in an effort to obscure its failure to adequately plead knowledge of infringement. *See, e.g.*, D.I. 30 ("Resp. Br.") at 7 ("Defendants' request to dismiss the induced and willful infringement claims rests entirely on the sufficiency of Ravgen's allegations regarding Defendants' knowledge."). But Ravgen cannot save its claims by ignoring a pleading requirement that it failed to satisfy in both its original and amended complaints. Ravgen's claims of induced and willful infringement should be dismissed with prejudice.

---

[1] After Defendants filed motions to dismiss on January 29, 2021, Ravgen filed a First Amended Complaint in response on February 19, 2021. Defendants renewed their motions to dismiss on March 19, 2021. During the pendency of this motion, Ravgen filed its SAC to replace the previously-filed version of Exhibit 77 with a different version of the exhibit. The parties agreed that the current briefing on Defendants' pending motion is not affected by the filing of the SAC.

## II.     ARGUMENT

### A.     Ravgen's Opposition Improperly Relies on Assertions Not Pled in the SAC.

Ravgen's opposition does little to defend the sufficiency of its pleading, but instead attempts to fill gaps left in its allegations of induced and willful infringement by referencing material outside the four corners of the SAC. Ravgen makes repeated reference to its "detailed factual allegations demonstrating Defendants' extensive pre-suit knowledge of the Patents-in-Suit *and their infringement*." Resp. Br. 2.[2] But Ravgen never points to any detailed factual allegations of knowledge of infringement because there are no such allegations in its SAC. *See* D.I. 24 ("Op. Br.") at 3-6, 8-9, 12-13.

*First*, citing to various paragraphs of the SAC, Ravgen argues that "***Defendants' knowledge of infringement***, and the scope of Ravgen's inventions, is highlighted in the years of communications with Ravgen and Dr. Dhallan." Resp. Br. 9. None of the SAC paragraphs Ravgen cites contain any discussion of alleged infringement by the Roche Defendants. Ravgen first cites to Paragraphs 95-101, all of which relate to contact between Ravgen founder Dr. Ravinder Dhallan and former Ariosa employees Dr. Ken Song and John Stuelpnagel. Resp. Br. 9. But those allegations do not mention infringement. SAC ¶¶ 95-101. Indeed, those paragraphs do not mention the asserted patents or any Ravgen intellectual property. *See id.* The same is true of the exhibits cited in those paragraphs. None reference the asserted patents or any alleged infringement by Ariosa.[3] Exs. 67-73. With respect to allegations about communications between Luba

---

[2] Emphasis added except where otherwise noted.

[3] Some of the contact alleged between Dr. Song and Ravgen occurred even before Dr. Song worked either at Ariosa or any of its predecessors. *See* SAC ¶ 95 (alleging the contact originating by "Ken Song from Venrock, a venture capital firm").

2

Greenwood[4] and Dr. Dhallan/Frank Garofalo, those paragraphs do not allege—nor do any other paragraphs in the SAC—that infringement by the Roche Defendants was ever discussed.  *See* SAC ¶¶ 104-107.  Ravgen's characterization of those communications "[c]ombined with Defendants' knowledge of their own products," Resp. Br. 10, as supporting knowledge of infringement goes well beyond any allegation found in Ravgen's SAC and therefore should be ignored.  *See M2M Sols. LLC v. Telit Commc'ns PLC*, C.A. No. 14-1103-RGA, 2015 WL 4640400, at *2 (D. Del. Aug. 5, 2015).  If Ravgen had any factual basis to allege knowledge of infringement based on these various pre-suit contacts, Ravgen surely would have done so.  It did not.

***Second***, Ravgen reaches far beyond the pleadings when discussing its allegations of post-filing inducement.  Ravgen argues that "[t]he filing of Ravgen's original complaint is just one more of many facts that support a plausible inference that Defendants had post-suit knowledge of infringement," citing SAC ¶ 113, and that "Defendants also gained additional post-suit knowledge of infringement through the letter sent to Defendants' in-house counsel the day this lawsuit was filed," citing *id.* ¶ 114.  Resp. Br. 15.  However, Paragraphs 113-114 only allege knowledge of the asserted patents; there is no allegation in those paragraphs relating to knowledge of infringement:

> 113.  Additionally, to the extent RMS, RSS, and Ariosa ***were not aware of the Patents-in-Suit*** prior to December 3, 2020, RMS, RSS, and Ariosa were ***made aware of the Patents-in-Suit*** as of the filing of the original Complaint in this matter on December 3, 2020.  (D.I. 1).
>
> 114.  RMS, RSS, and Ariosa were also ***made aware of the Patents-in-Suit*** by a letter sent on December 3, 2020, that identified the patents in Ravgen's patent portfolio and attached a copy of Ravgen's original Complaint filed in this matter.  (*See* Ex. 82).

SAC ¶¶ 113-114.

---

[4] Ravgen does not allege that Luba Greenwood was employed by any of the entities it has sued.  *See* SAC ¶ 104 (alleging "Roche Diagnostics").

Ravgen makes nearly identical arguments citing Paragraphs 113-114 when addressing its allegations of post-filing willfulness. *See* Resp. Br. 18 (citing SAC ¶¶ 113-114). But again those paragraphs do not contain any allegation that the Roche Defendants had knowledge of infringement either before or after Ravgen filed its complaint. And Ravgen's SAC (like its original complaint) contains no allegation that any of those entities had knowledge of infringement based on the service of the original complaint. *See* Op. Br. 11 n.7, 15 n.9.

Ravgen's December 3, 2020 letter to the Roche Defendants' parent company sent the same day Ravgen filed its complaint does not advance Ravgen's cause. Ravgen argues that "Defendants' conduct after receiving that letter—and particularly the lack of any response to the invitation to discuss amicable resolutions—is a factor that the jury should be allowed to consider in evaluating whether Defendants' ongoing infringement is willful." Resp. Br. 18-19. This argument lacks merit. As an initial matter, the Roche Defendants have responded to Ravgen's letter by retaining counsel and defending themselves against Ravgen's claims. Further, although Ravgen's opposition assumes it sent a pre-suit letter to the Roche Defendants, it did not. Ravgen sent its letter just one day before it served the complaint. It never gave the Roche Defendants an opportunity to have a pre-suit discussion or information exchange. *Cf. Callwave Commc'ns LLC v. AT&T Mobility LLC*, C.A. No. 12-1701-RGA, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014) ("The pre-suit letter does, however, offer a benefit—the patent holder and the asserted infringer may exchange information, and the asserted infringer might then take a license, or the patent holder might learn of reasons why suit should not be filed.").

In any event, Ravgen's December 3 letter is irrelevant to the Court's analysis because: (1) there is no allegation in Ravgen's SAC attributing Defendants' knowledge of infringement to that self-serving letter; and (2) courts have previously rejected the relevance of such a letter on a motion

4

to dismiss.  *See e.g., Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 500 (D. Del. 2014) (granting motion to dismiss willfulness claims although plaintiff sent defendants a letter "one day before the complaint was filed"); *see also Secured Mail Sols. v. Advanced Image Direct, LLC*, No. SACV 12-01090-DOC (MLGx), 2013 WL 8596579, at *8-9  (C.D. Cal. Jan. 30, 2013) (addressing the irrelevance of similar letters in indirect infringement context).

*Finally*, Ravgen's reliance on the filing of its complaint to support post-filing willfulness lacks merit.  An original complaint cannot be the source for a post-filing claim for willful infringement without "plausibly demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim." *Express Mobile, Inc. v. DreamHost LLC*, C.A. No. 18-1173-RGA, 2019 WL 2514418, at *2 (D. Del. June 18, 2019).  Apart from conclusory allegations regarding pre-suit knowledge of infringement, Ravgen has not made this required showing.  *See, e.g.*, *id.*; *ZapFraud, Inc. v. Barracuda Networks, Inc.*, C.A. No. 19-1687-CFC-CJB, 2021 WL 1134687, at *3-4 (D. Del. Mar. 24, 2021) ("[T]he complaint itself cannot be the source of the knowledge [of either the patents or infringement thereof] required to sustain claims of induced infringement and willfulness-based enhanced damages.").  Ravgen's attempt to rely on post-suit knowledge is legally insufficient to save its willful infringement claim.

### B. Ravgen Improperly Conflates Knowledge of Patents and Knowledge of Infringement.

Ravgen argues that "Defendants split hairs over what exactly they knew (*e.g.*, by wholly separating knowledge of the patents from knowledge of infringement) and the extent to which they knew it."  Resp. Br. 8.  To the contrary, Defendants are applying the clear, unambiguous law of inducement.  The Supreme Court, the Federal Circuit, and this Court have all repeatedly held that knowledge of an asserted patent and knowledge that induced acts constitute infringement are

distinct elements. In *Commil USA, LLC v. Cisco Systems, Inc.*, the Supreme Court held that "liability for induced infringement can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement.'" 575 U.S. 632, 640 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011)). The Federal Circuit has repeatedly held that at the pleadings stage knowledge of infringement is a separate and distinct element of induced infringement. *E.g.*, *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012). This Court has consistently applied this precedent. *E.g.*, *SIPCO, LLC v. Streetline, Inc.*, C.A. No. 16-830-RGA, 2018 WL 762335, at *2 (D. Del. Feb. 7, 2018); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, C.A. No. 11-1175-RGA, 2012 WL 6968938, at *1-2 (D. Del. July 18, 2012).

The Federal Circuit has recently explained that an even higher standard of infringing conduct applies for purposes of willfulness. *See, e.g.*, *Bayer Healthcare LLC v. Baxalta, Inc.*, 989 F.3d 964 (Fed. Cir. 2021).[5] This Court and others in this District have repeatedly held that willful infringement requires the separate element of knowledge of infringement at the pleading stage. *See e.g., Express Mobile*, 2019 WL 2514418, at *2; *Välinge Innovation AB v. Halstead New England Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), *report & recommendation adopted*, 2018 WL 11013901 (Nov. 6, 2018).

Ravgen repeatedly conflates these two elements, referring to "knowledge" without making any distinction between knowledge of a patent and knowledge of infringement. *See, e.g.*, Resp.

---

[5] Ravgen argues that cases cited in our opening brief on the requisite elements for induced and willful infringement are "inapposite" or "not applicable," Resp. Br. 14, 18, because they were decided at a point other than the pleading stage. But caselaw defining the elements of a cause of action are necessarily applicable at the pleading stage. As the Third Circuit has instructed, "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

Br. 7 ("Because knowledge is the only alleged pleading deficiency Defendants raise, the Motion should be denied."). Ravgen argues that the Roche Defendants "improperly ignore[ ] nearly all of the allegations in Ravgen's [S]AC regarding Defendants' knowledge." *Id.* at 12. Ravgen's opposition points to: (1) the "sophistication" of Ariosa, RMS, and RSS; (2) other litigation and prosecution activity that involve neither Ravgen nor any reason for the Roche Defendants to consider their own infringement of the asserted patents; (3) Ravgen's litigation against unrelated third parties; and (4) the contacts between Ravgen and its agents with John Stuelpnagel, Dr. Song, and Ms. Greenwood, discussed above. *See* Resp. Br. 8-12. But none of these allegations in Ravgen's SAC include more than a conclusory allegation of ***knowledge of infringement***. Indeed, the only references to knowledge of infringement in the SAC—Paragraphs 118-119—were fully addressed in Defendants' opening brief as: (1) pled under the wrong standard for induced infringement; (2) conclusory and unsupported; and (3) vitiating the separate knowledge of infringement requirement based on Ravgen's pleading that knowledge of infringement necessarily followed from knowledge of the patents. Op. Br. 8-10, 13-14.

Ravgen's conflation of these two elements is further exemplified by its argument that the Roche Defendants do not "assess[ ] the content and context of Ravgen's full allegations" and "separately pick apart whether their litigious nature, their patent monitoring, Ravgen's other lawsuits against Defendants' competitors, or the allegations in Ravgen's original complaint in this case could individually support knowledge of infringement." *E.g.*, Resp. Br. 11. The insufficiency of Ravgen's allegations when viewed both individually and collectively —which are in large part directed to knowledge of the patents—was fully addressed in Defendants' opening brief. *See*, *e.g.*, Op. Br. 9-10 (detailing how in *Chalumeau* this Court deemed allegations of knowledge of the patents and infringement thereof based on prior litigation against third parties "fanciful."). And

7

whether Ravgen's allegations are viewed individually or collectively makes no difference.  Apart from the conclusory, unsupported allegations in Paragraphs 118-119 discussed above, Ravgen's SAC contains no non-conclusory allegations of knowledge of infringement for either Ravgen's claims of induced or willful infringement.

### C. Ravgen's Caselaw Is Inapposite.

Ravgen relies heavily on *Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*, C.A. No. 17-1390-LPS-CJB, 2019 WL 8641303, at *5 (D. Del. Aug. 7, 2019), *report & recommendation adopted*, 2020 WL 152731 (Mar. 31, 2020), for the proposition that Ravgen's overall allegations (continuing to mix the distinct claim elements) are sufficient. *E.g.*, Resp. Br. 12.  But *Sunoco* is inapposite for two reasons:  First, *Sunoco* involved a dispute between "competitor[s]," and Ravgen does not compete with the Roche Defendants.  Second, the patents asserted by Sunoco were "referenced or discussed in presentations" the plaintiff gave "regarding licensing of [the plaintiff's] patented blending systems." *Sunoco*, 2019 WL 8641303, at *4.  The Court in *Sunoco* relied on those presentations to support knowledge of infringement. *Id.* at *4-5. Unlike *Sunoco*, Ravgen has not alleged that it gave presentations about licensing the asserted patents to the Roche Defendants for their use of the claimed invention. *See id.* at *4 n.4 (discussing argument based on "'years of licensing negotiations' from 2003 to 2008 with Texon, Sunoco's predecessor, for use of the patented system" (quoting party briefing)).  To the extent that Ravgen has alleged pre-suit communication about the asserted patents, those discussions were about a different company's alleged infringement. *See* FAC ¶ 105 (meeting to discuss the "litigation battle with Illumina").

Ravgen relies on *University of Massachusetts Medical School v. L'Oréal S.A.*, for the same argument.  C.A. No. 17-868- CFC-SRF, 2018 WL 5919745, at *7 (D. Del. Nov. 13, 2018), *report & recommendation adopted*, 2019 WL 2151701 (May 17, 2019).  Resp. Br. 11, 13.  But *L'Oréal*

8

is inapt for a similar reason—there the alleged infringer had "contacted [the] co-inventor" to "discuss the patents-in-suit and obtain a license to the patented technology." 2018 WL 5919745, at *7. Like *Sunoco*, the clear implication of the pre-suit licensing discussions in *L'Oreal* was that they were conducted regarding a license for the alleged infringer to practice the claimed invention—Ravgen has alleged nothing of the sort. *Id.* at *2 ("In fall of 2003, an agent of L'Oréal contacted Dr. Dobson to discuss the patents-in-suit, but failed to obtain a license. Following this conversation, L'Oréal began creating, marketing, and selling the Accused Products." (record citation omitted)). Ravgen also points to *3Shape A/S v. Align Technology, Inc.*, C.A. No. 18-886-LPS-CJB, 2019 WL 1416466, at *2 (D. Del. Mar. 29, 2019). Resp. Br. 10, 14, 16. But like *Sunoco*, in *3Shape*, "the parties [were] competitors" and "both produce[d] similarly-functioning products." 2019 WL 1416466, at *2. Nothing of the sort is alleged in the SAC.

Ravgen cites *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 330515, at *7 (D. Del. Jan. 25, 2019), to support its post-filing induced and willful infringement allegations and requests for "liberal discovery." *See, e.g.*, Resp. Br. 15 & n.3, 18-19 & n.4. But *IOENGINE* is inapposite. First, the complaint in *IOENGINE* contained "detailed allegations of direct infringement by the defendants," which were analyzed by the court in conjunction with the knowledge allegations. 2019 WL 330515 at *4. Ravgen's amended pleading fails to connect the asserted patents to the accused tests via any detailed limitation-by-limitation analysis. *See* Op. Br. 10 & n.5. Second, unlike here, the plaintiff in *IOENGINE* had pled "that since receiving notice of the complaint," the alleged infringer had "'knowingly contributed to the infringement of and induced infringement of' [the asserted] patents." 2019 WL 330515, at *4. Ravgen's SAC contains no such allegations. *See* Op. Br. 11 n.7, 15 n.9.

9

Ravgen's reliance on *Groove Digital, Inc. v. Jam City, Inc.*, No. 18-1331-RGA, 2019 WL 351254, at *4 (D. Del. Jan. 29, 2019), is curious because it recites a rule—that a plaintiff is required to allege pre-filing willful infringement in order to proceed with its post-filing claim—that Ravgen argues "[c]ourts in this District have rejected." Resp. Br. 18. "To state a claim of willful infringement, the patentee must allege facts in its pleading plausibly demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim." 2019 WL 351254, at *4 (cleaned up) (quoting *Välinge*, 2018 WL 2411218, at *10-12).

Finally, Ravgen requests that it be "permitted liberal discovery regarding [the Roche] Defendants' knowledge of the Patents-in-Suit and Defendants' subjective knowledge thereafter," should its induced and willful infringement claims be dismissed. Resp. Br. 15 n.3, 19 n.4. Ravgen's broad request should be denied, as the "purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim." *Dynamic Data Techs., LLC v. Brightcove Inc.*, C.A. No. 19-1190-CFC, 2020 WL 4192613, at *3 (D. Del. July 21, 2020) (internal quotation marks omitted) (quoting *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019)).

## III. CONCLUSION

For all of the above reasons, and the reasons stated in Ariosa's, RMS's, and RSS's opening brief, Ravgen's claims of induced and willful infringement for the '277 and '720 Patents should be dismissed with prejudice.

|  |  |
|---|---|
| *Of Counsel:*<br><br>Robert J. Gunther, Jr.<br>Christopher R. Noyes<br>Omar A. Khan<br>Scott G. Greene<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Tel: (212) 230-8800<br>Fax: (212) 230-8888<br><br>Timothy A. Cook<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Tel: (617) 526-6000<br>Fax: (617) 526-5000<br>Dated: April 26, 2021 | */s/ Frederick L. Cottrell, III*<br>Frederick L. Cottrell, III (#2555)<br>Renee Mosley Delcollo (#6442)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>cottrell@rlf.com<br>delcollo@rlf.com<br><br>*Counsel for Defendants Ariosa Diagnostics, Inc., Roche Sequencing Solutions, Inc., and Roche Molecular Systems, Inc.* |

11