# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAVGEN, INC., | ) |
|         Plaintiff, | ) |
| | )    C.A. No.: 20-1646-RGA-JLH |
| v. | ) |
| | ) |
| ARIOSA DIAGNOSTICS, INC., | ) |
| ROCHE SEQUENCING SOLUTIONS, INC., | ) |
| ROCHE MOLECULAR SYSTEMS, INC., and | ) |
| FOUNDATION MEDICINE, INC., | ) |
| | ) |
|         Defendants. | ) |

## FOUNDATION MEDICINE, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS WILLFUL INFRINGEMENT AND INDUCED INFRINGEMENT CLAIMS

Matthew M. Wolf
Jennifer A. Sklenar*
Victoria L. Reines
David McMullen
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
(202) 942-5000

Wallace Wu
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
(213) 243-4104

Marty Koresawa
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3338

*Admitted in NY and CA only; practice limited to matters before federal courts and federal agencies.

Frederick L. Cottrell, III (#2555)
Renée Mosley Delcollo (#6442)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
delcollo@rlf.com

*Counsel for Defendant Foundation Medicine, Inc.*

April 26, 2021

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 1

    A. The SAC Fails to Plausibly Allege Post-Suit Willful Infringement. ....................... 1

    B. The SAC Fails to Plausibly Allege Post-Suit Induced Infringement. ..................... 5

        1. Knowledge Based on the Filing of the Complaint Cannot Support a Post-Suit Inducement Claim. ........................................................................ 5

        2. The SAC Fails to Sufficiently Plead the Remaining Elements of Inducement. .............................................................................................. 7

III. CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Callwave Commc'ns LLC v. AT & T Mobility LLC*,
  No. 12-1701-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014)............................................4, 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016)....................................................................................................1, 2

*Innovative Memory Sols. Inc. v. Micron Tech. Inc.*,
  No. 14-1480-RGA (D.I. 157) (Dec. 4, 2020)..................................................................2, 3

*Intellectual Ventures I LLC v. Toshiba Corp.*,
  66 F. Supp. 3d 495 (D. Del. 2014)........................................................................................4

*Malvern Panalytical, Inc. v. TA Instruments-Waters, LLC*,
  No. 19-2157-RGA, 2020 WL 8225650 (D. Del. May 5, 2020)..........................................2, 3

*Malvern Panalytical, Inc. v. TA Instruments-Waters, LLC*,
  No. 19-2157-RGA (D.I. 17, 18) (D. Del. Feb. 6, 2020) .......................................................3

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
  851 F.3d 1275 (Fed. Cir. 2017)............................................................................................2

*MONEC Holding AG, v. Motorola Mobility, Inc*,
  897 F. Supp. 2d 225 (D. Del. 2012)......................................................................................7

*NNCrystal US Corp. v. Nanosys, Inc.*,
  No. 19-1307-RGA, 2020 WL 616307 (D. Del. Feb. 10, 2020)..........................................2, 3

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
  No. 6:14-cv-1017-Orl-22KRS, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ...............4, 5, 6

*Ricoh Co. v. Quanta Comput. Inc.*,
  550 F.3d 1325 (Fed. Cir. 2008)............................................................................................8

*Secured Mail Sols. v. Advanced Image Direct, LLC*,
  No. 12-01090-DOC, 2013 WL 8596579 (C.D. Cal. Jan. 30, 2013) ................................4, 5, 6

*TecSec, Inc. v. Adobe Inc.*,
  978 F.3d 1278 (Fed. Cir. 2020)............................................................................................6

*VLSI Tech. LLC v. Intel Corp.*,
  No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019)...........................................5, 8

*Warsaw Orthopedic., Inc. v. NuVasive, Inc.*,
   824 F.3d 1344 (Fed. Cir. 2016) ................................................................................................8

*Zapfraud, Inc. v. Barracuda Networks, Inc.*,
   No. 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24, 2021) ........................... 2, 3, 5, 6

**I.      INTRODUCTION**

In its Opposition, Plaintiff Ravgen, Inc. ("Ravgen") concedes that Defendant Foundation Medicine, Inc. ("FMI") had no pre-suit knowledge of U.S. Patent No. 7,727,720 ("the '720 Patent")—the only patent asserted against FMI. Without any pre-suit knowledge of the '720 Patent, Ravgen has now withdrawn its pre-suit willful infringement and pre-suit induced infringement allegations against FMI in its Second Amended Complaint ("SAC").[1]

The lack of pre-suit knowledge of the '720 Patent is also fatal to Ravgen's post-suit willfulness and inducement allegations in the SAC because an original complaint cannot and should not serve as the requisite pre-suit knowledge of an asserted patent to establish willfulness and inducement allegations in an amended complaint. If it could, the pre-suit knowledge requirements of willfulness and inducement would be rendered meaningless and every single patent case where a plaintiff chose to amend its complaint would involve plausible willfulness and inducement claims. Put differently, the filing of Ravgen's original complaint cannot and should not *create* new claims against FMI in the SAC. Because of the admitted lack of pre-suit knowledge of the '720 Patent, Ravgen's post-suit willfulness and post-suit inducement claims should be dismissed with prejudice.

**II.     ARGUMENT**

   **A.     The SAC Fails to Plausibly Allege Post-Suit Willful Infringement.**

Ravgen's reliance on *Halo Elecs., Inc. v. Pulse Elecs., Inc.* to argue that pre-suit knowledge is not required to plausibly plead willfulness is misplaced. D.I. 31 ("Opp.") 6-7; 136 S. Ct. 1923 (2016). *Halo* is silent as to whether claims of post-suit willfulness can stand without pre-suit

---

[1] On April 19, 2021, Ravgen filed the SAC (D.I. 33) pursuant to a stipulation between the parties. The SAC is deemed the same as the First Amended Complaint for purposes of this motion.

knowledge. *See Zapfraud, Inc. v. Barracuda Networks, Inc.*, No. 19-1687-CFC-CJB, 2021 WL 1134687, at *4 (D. Del. Mar. 24, 2021) (holding that "the operative complaint in a lawsuit fails to state a claim for willfulness-based enhanced damages under § 284 where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit" "in the absence of binding authority to the contrary from the Federal Circuit and Supreme Court").

Moreover, Ravgen's assertion that "the *Mentor Graphics* Court in essence approved a claim for willful infringement based on knowledge after the suit began" mispresents the facts of *Mentor Graphics*. Opp. 7 (citing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. 2017)). There, the Federal Circuit explained that the relevant date for determining whether activity was "pre-suit" or post-suit was the date of the patentee's counterclaim, not the date that the patent challenger filed its declaratory judgment complaint. *Mentor Graphics Corp.*, 851 F.3d at 1295. Thus, whether the activities occurred "after the suit began" were of no moment and the relevant inquiry was whether they occurred prior to the filing of the counterclaim. Contrary to Ravgen's representation, the Federal Circuit found that the evidence of willfulness was in fact "pre-suit" activity. *Id.*

While nothing in *Halo* or *Mentor Graphics* supports Ravgen's position, this Court has already addressed the very question at issue in this motion on three occasions recently, and, in each of them, rejected Ravgen's argument that an original complaint can provide the knowledge to support a post-suit claim of willfulness asserted in an amended complaint. *See* FMI Opening Brief ("Br.") 6-7 (discussing *Innovative Memory Sols.*, *NNCrystal US Corp.*, and *Malvern Panalytical*). In fact, during the pendency of FMI's instant motion, Judge Connolly made the same finding. *See*

*Zapfraud, Inc.*, 2021 WL 1134687, at *4.  Ravgen's attempt to distinguish these cases by citing irrelevant facts is unavailing.

In *NNCrystal*, although the defendant argued that it did not receive a copy of the original complaint and thus lacked notice, this Court's decision did not turn on this fact.  Instead, this Court explained that plaintiffs' argument that the filing of the original complaint provided support for the willfulness claim asserted in the amended complaint "essentially is an argument that all Plaintiffs have to do is allege willfulness and that is sufficient to state a claim," an argument which this Court rejected.  *NNCrystal US Corp. v. Nanosys, Inc.*, No. 19-1307-RGA, 2020 WL 616307, at *4 (D. Del. Feb. 10, 2020) (granting motion to dismiss claim for willful infringement).  In *Innovative Memory*, contrary to Ravgen's representation that "the Court did not suggest that pre-suit knowledge was a requirement for willful infringement" (Opp. 9), this Court expressly rejected the argument that the filing of an original complaint could "automatically convert[] a non-willfulness case into a willfulness case."  *Innovative Memory Sols. Inc. v. Micron Tech. Inc.*, No. 14-1480-RGA (D.I. 157), at 2 (Dec. 4, 2020).  Finally, Ravgen's statement that "the plaintiff in *Malvern* did not file an amended complaint" (Opp. 9) is patently false.  This Court's *Malvern* decision ruled on Defendants' Partial Motion to Dismiss First Amended Complaint, and the fact that the plaintiff had filed an "amended complaint" is so stated in the second sentence of the one-page decision.  *Malvern Panalytical, Inc. v. TA Instruments-Waters, LLC*, No. 19-2157-RGA, 2020 WL 8225650, at *1 (D. Del. May 5, 2020) (granting-in-part D.I. 17, which is Defendants' Partial Motion to Dismiss First Amended Complaint (D.I. 14)); *see also* No. 19-2157-RGA (D.I. 17, 18) (D. Del. Feb. 6, 2020).

The fact that Ravgen sent FMI a letter *after* it filed the original complaint, enclosing the complaint, does not change anything.  *See* D.I. 33-82 at 1 (enclosing a copy of "a Complaint **filed**

3

by Ravgen" against defendants on December 3) (emphasis added).  Indeed, Ravgen cites no authority that stands for the dubious proposition that a letter sent after the filing of a complaint supports post-suit willfulness.  Indeed, many courts have rejected such arguments.  *See, e.g.*, *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 500 (D. Del. 2014) (granting motion to dismiss willfulness claims notwithstanding that plaintiff sent defendants a letter "one day before the complaint was filed"); *Secured Mail Sols. v. Advanced Image Direct, LLC*, No. 12-01090-DOC (MLGx), 2013 WL 8596579, at *8-9 (C.D. Cal. Jan. 30, 2013) (dismissing indirect infringement claims asserted in Second Amended Complaint because "sending letters after the initial filing of the present action" does not provide the requisite pre-suit knowledge); *see also Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-cv-1017-Orl-22KRS, 2015 WL 1246500, at *12 (M.D. Fla. Mar. 16, 2015) ("Although these letters were sent prior to this lawsuit in theory, the Court is not convinced that sending these letters the day before filing a complaint satisfies the pre-suit knowledge requirement for an indirect infringement claim.").[2]

Moreover, if the filing of an original complaint cannot support a claim of post-suit willfulness, as this Court has routinely held, *supra* p. 3, it would be illogical for a letter sent *after* the filing of the original complaint to save the claim.  Indeed, as this Court has explained, a "pre-suit letter … offer[s] a benefit—the patent holder and the asserted infringer may exchange information, and the asserted infringer might then take a license, or the patent holder might learn of reasons why suit should not be filed." *Callwave Commc'ns LLC v. AT & T Mobility LLC*, No. 12-1701-RGA, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014).  But when a plaintiff waits until

---

[2] Ravgen's discussion of the status of the parties' efforts to resolve this case (Opp. 9) has no bearing on whether Ravgen adequately pled post-suit willfulness in its SAC.

4

*after* the filing of the suit to send the letter, there is no such benefit. Ravgen's belated letter to FMI cannot render its willfulness claim plausible.

In sum, because Ravgen admits that FMI had no knowledge of the '720 Patent prior to the filing of the complaint and the Court has repeatedly rejected the argument that an original complaint can serve as a basis for pre-suit knowledge of an asserted patent, Ravgen's post-suit willfulness claim should be dismissed.

### B. The SAC Fails to Plausibly Allege Post-Suit Induced Infringement.

#### 1. Knowledge Based on the Filing of the Complaint Cannot Support a Post-Suit Inducement Claim.

For the reasons discussed above, Ravgen's post-suit induced infringement claim cannot be supported by the filing of an earlier iteration of the operative complaint. *Supra* Section II.A; *Zapfraud, Inc.*, 2021 WL 1134687, at *4 (holding that "the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit"). Although this Court has drawn a distinction between the knowledge requirement for a willfulness claim and an inducement claim, the Court should revisit this distinction, in light of the many decisions FMI cites, Br. 10-11 (*Orlando Commc'ns*, *Wi-Lan USA*, *Secured Mail Sols.*, *Brandywine Commc'ns Techs.*, *Helios Streaming*, and *VLSI Tech.*), which Ravgen fails to address, much less to distinguish. In addition, Judge Connolly's recent decision in *Zapfraud* is illuminating. Judge Connolly found that an earlier iteration of a complaint could not support a post-suit claim of inducement asserted in an amended complaint and noted that there

5

is an "absence of binding authority to the contrary from the Federal Circuit and Supreme Court." *Zapfraud, Inc.*, 2021 WL 1134687, at *4.[3]

Both willfulness and inducement claims require knowledge of the asserted patent to state a plausible claim. Br. 9. And the rationale that this Court has expressed when disposing of willfulness claims—that a prior iteration of the operative complaint cannot sustain a claim for willfulness—should also apply to inducement claims. *Id.* at 9-10. Holding otherwise would render the "knowledge" requirement for induced infringement a nullity, allow every plaintiff to have a plausible claim for induced infringement if it chooses to amend its complaint,[4] and would not promote judicial economy. *Id.* at 11-12.

And as with willfulness, that Ravgen sent FMI a letter ***after*** filing its complaint, does not cure this deficiency. *Supra* p. 4 (citing *Secured Mail Sols.*, 2013 WL 8596579, at *8-9 ("sending letters after the initial filing of the present action" is not sufficient)). Indeed, even sending a letter "the day before filing a complaint" has been found insufficient to sustain a post-suit inducement claim. *Orlando Commc'ns LLC*, 2015 WL 1246500, at *12. Ravgen's post-suit inducement claim should fail because FMI lacked pre-suit knowledge of the '720 Patent.

---

[3] *TecSec, Inc. v. Adobe Inc.* does not support Ravgen's position. Opp. 14; 978 F.3d 1278 (Fed. Cir. 2020). The issue before the Federal Circuit in *TecSec* was ***not*** about inducement at the pleading stage or whether pre-suit knowledge is required for post-suit inducement. It was an entirely different question: whether evidence of induced infringement after the date of a claim construction ruling that "furnished an objectively reasonable basis for a belief that use of the accused products did not infringe" was properly excluded from trial. *Id.* at 1288. Indeed, Ravgen acknowledges the issue in *TecSec* is not relevant, when it attempts to infer what the "Federal Circuit's opinion necessarily ***implies***." Opp. 14 (emphasis added).

[4] Ravgen's assertion that FMI's position "would actually create a loophole for infringers, allowing them to induce infringement as much as they please after the filing of a complaint as long as they can show they did not have pre-suit knowledge" (Opp. 15) is nonsensical. If an accused infringer induces infringement after the filing of a complaint, the patentee can seek leave to amend its complaint. The possibility of post-suit inducement is not a reason to lower the plausibility pleading standard.

6

### 2. The SAC Fails to Sufficiently Plead the Remaining Elements of Inducement.

The SAC also fails to plead the remaining requirements of inducement: (1) underlying direct infringement, (2) ***how*** FMI specifically instructed or directed third parties to use FMI's FoundationACT™, FoundationOne® Liquid, and FoundationOne®Liquid CDx (collectively, the "Liquid Tests") in a manner that would infringe the '720 Patent and ***how*** FMI had (or has) knowledge of the purported infringement, as well as (3) ***how*** FMI ***specifically intends*** that its customers infringe. Br. 12-15. Ravgen's position, that it need not identify direct infringers specifically (Opp. 16), lacks support. To the contrary, Ravgen's identification of the direct infringers as "customers, subsidiaries, intermediaries, or agents" (*id.*) is "quite conclusory." *Callwave Commc'ns*, 2014 WL 5363741, at *2. Ravgen's argument that its allegations that (1) "FMI induces infringement through its 'creation, and dissemination of supporting materials, instructions, product manuals, technical information, and or licenses'" (Opp. 17) and (2) "FMI provides ***instructions*** to the patient's healthcare provider directing them to use collection tubes" are sufficient (D.I. 33, ¶ 73) (emphasis added) has been rejected by courts in this district. *See, e.g.*, *MONEC Holding AG, v. Motorola Mobility, Inc*, 897 F. Supp. 2d 225, 234 (D. Del. 2012) (allegations of the defendant "selling, advertising, supplying and instructing its respective customers on the use of the infringing product" were "conclusory averments."). Finally, Ravgen's argument that it sufficiently pleads that FMI possesses the requisite "specific intent" necessary for an inducement claim (Opp. 17-18) lacks merit. "Allegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement." *MONEC*

7

*Holding AG*, 897 F. Supp. 2d at 234.[5] For all of these additional reasons, Ravgen's post-suit inducement claim should be dismissed.

* * *

Lastly, Ravgen's request for "liberal discovery regarding FMI's knowledge of the '720 Patent and FMI's subjective knowledge thereafter," in the event that the Court grants FMI's motion to dismiss (Opp. 12 n.4 & 19 n.6), should be denied, because Ravgen cites no authority in support of its fishing expedition and the request is contrary to the purpose of a complaint, which "is not to create a claim but rather to obtain relief for an existing claim." *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019); Br. 11.

## III. CONCLUSION

For the foregoing reasons and reasons discussed in its Opening Brief, FMI respectfully requests that the Court dismiss with prejudice Ravgen's claims of post-suit willful infringement and post-suit induced infringement and deny Ravgen's request for discovery.

---

[5] Moreover, many of the cases on which Ravgen relies, for example, *Warsaw Orthopedic., Inc. v. NuVasive, Inc.*, 824 F.3d 1344 (Fed. Cir. 2016) and *Ricoh Co. v. Quanta Comput. Inc.*, 550 F.3d 1325 (Fed. Cir. 2008), do not address inducement at the pleading stage.

*Of Counsel*:

Matthew M. Wolf
Jennifer A. Sklenar*
Victoria L. Reines
David McMullen
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
(202) 942-5000
Matthew.Wolf@arnoldporter.com
Jennifer.Sklenar@arnoldporter.com
Victoria.Reines@arnoldporter.com
David.McMullen@arnoldporter.com

Wallace Wu
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
(213) 243-4104
Wallace.Wu@arnoldporter.com

Marty Koresawa
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
(415) 471-3338
Marty.Koresawa@arnoldporter.com

*Admitted in NY and CA only; practice limited to matters before federal courts and federal agencies.

Dated: April 26, 2021

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Renée Mosley Delcollo (#6442)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
delcollo@rlf.com

*Counsel for Defendant Foundation Medicine, Inc.*