**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RAVGEN, INC., | |
| *Plaintiff*, | |
| v. | |
| ILLUMINA, INC. and VERINATA HEALTH, INC., | C.A. No. 20-01644-RGA-JLH |
| *Defendants*. | **JURY TRIAL DEMANDED** |
| RAVGEN, INC., | |
| *Plaintiff*, | |
| v. | |
| ARIOSA DIAGNOSTICS, INC., ROCHE SEQUENCING SOLUTIONS, INC., ROCHE MOLECULAR SYSTEMS, INC., and FOUNDATION MEDICINE, INC., | C.A. No. 20-01646-RGA-JLH |
| | **JURY TRIAL DEMANDED** |
| *Defendants*. | |
| RAVGEN, INC., | |
| *Plaintiff*, | |
| v. | |
| MYRIAD GENETICS, INC. and MYRIAD WOMEN'S HEALTH, INC., | C.A. No. 20-01730-RGA-JLH |
| | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

RAVGEN, INC.,

     *Plaintiff*,

  v.

PROGENITY, INC.,

     *Defendant*.

C.A. No. 20-01734-RGA-JLH

**JURY TRIAL DEMANDED**

## JOINT PROPOSED SCHEDULING ORDER

This <u>19th</u> day of _____ May _____, 20<u>21</u>, the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and the parties having determined after discussion that these matters cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.    <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) by **April 30, 2021**. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI''), which is posted at <u>https://www.ded.uscourts.gov/default-standard-discovery</u> and is currently incorporated herein by reference.[1]  The parties in each of the above-captioned cases recognize that they may deviate from

---

[1] The parties shall also make their Initial Disclosures pursuant to Section 3 of the Court's Default Standard Including Discovery of Electronically Stored Information (''ESI'') by **April 30, 2021**.

the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information upon agreement of the parties in each of the above-captioned cases.[2]

2.      <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **July 26, 2022**.

3.      <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order in one or more of the above-captioned actions specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **30 days** from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      <u>Papers and Proceedings Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

---

[2]   In view of the reexamination and currently pending petitions for *inter partes* review of the patents at issue in this case, Defendants may move for a stay pending reexamination and/or *inter partes* review at an appropriate time.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosures of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.      Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6.      ADR Process. Having discussed the ADR process during the scheduling conference, the Court will schedule one or more teleconferences to discuss ADR with the parties during the pendency of these cases.

7.      Disclosures. Absent agreement among the parties, and approval of the Court:

(a)      By **April 30, 2021**, Plaintiff[3] shall identify in each above-captioned case the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

---

[3] For purposes of this Scheduling Order, Plaintiff and Defendant are defined as set forth in the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), 4.

(b)     By **June 4, 2021**, Defendants in each above-captioned case shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendants shall also produce sales figures for the accused product(s).

(c)     By **July 16, 2021**, Plaintiff shall produce in each above-captioned case an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d)     By **August 20, 2021**, Defendants in each above-captioned case shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.  The parties shall meet and confer and submit a proposal to the Court regarding narrowing the asserted claims and prior art after the parties have served their initial patent disclosures pursuant to this Paragraph 7 and prior to the date the parties exchanged proposed claim terms for construction.

(e)     By **the later of June 30, 2022, or 21 days following issuance of the claim construction order**, Plaintiff shall provide final infringement contentions in each above-captioned case.

(f)     By **the later of July 21, 2022, or 42 days following issuance of the claim construction order**, Defendants in each above-captioned case shall provide final invalidity contentions.

8.     <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed in each of the above-captioned actions.

(a)     <u>Discovery Cut Off.</u> All fact discovery in these actions shall be initiated so that it will be completed on or before **August 16, 2022**.  All expert discovery in these actions shall be initiated so that it will be completed on or before **February 9, 2023**.

(b)     <u>Document Production.</u> Document production shall be substantially complete by **February 15, 2022**, for requests for production served by **November 5, 2021**.

(c)     <u>Requests for Admission.</u> A maximum of 50 requests for admission are permitted for each side in each case.  Requests for admission solely for the purposes of authenticating a document or establishing that a document falls within a hearsay exclusion or exception shall not count towards the limit

(d)     <u>Interrogatories</u>.

i.      Defendants are permitted a maximum of 20 common interrogatories plus 5 individual interrogatories per Defendant, including contention interrogatories, in each above-captioned case.  Plaintiff is permitted a maximum of 20 common interrogatories plus 5 individual interrogatories per Defendant, including contention interrogatories, in each above-captioned case.  Each side in each above-captioned case shall not exceed 30 total interrogatories. Each party must answer each common interrogatory served by an opposing side.

ii.     The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)     <u>Depositions</u>.  The parties in all above-captioned cases shall meet and confer on limits for deposition discovery, including locations for depositions, and submit a joint status

278eb

letter outlining such limitations no later than **April 5, 2022**.  If there are disagreements among the parties regarding deposition limitations, the Court will resolve any disputes at the conclusion of the Markman hearing on **April 12, 2022**.

        (f)      <u>Disclosure of Expert Testimony</u>.

        i.      <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **October 3, 2022**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **November 17, 2022**. Reply expert reports from the party with the initial burden of proof are due on or before **December 15, 2022**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        ii.      <u>Expert Report Supplementation.</u>  The parties agree that they will not permit expert declarations to be filed in connection with dispositive motion briefing unless by order of the Court for good cause shown.

        iii.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

(g)    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find, after good faith efforts - including verbal communication among Delaware and Lead Counsel for all parties to the dispute - that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (*i.e.*, the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Magistrate Judge Hall's section of the Court's website, in the "Forms" tab.

iii.    The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

iv.    Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

v.      Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

9.      <u>Motions to Amend / Motions to Strike</u>.

(a)     Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g), above.

(b)     Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading. Any motion to strike shall attach the document sought to be stricken.

10.     <u>Technology Tutorials.</u> Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11.     <u>Claim Construction Issue Identification.</u> On **September 1, 2021**, the parties in each above-captioned case shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On **October 1, 2021**, the parties in each above-captioned case shall exchange their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties in all above-captioned cases will meet and confer to prepare a Joint Claim Construction Chart to be filed on **October 29, 2021**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall

be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

      12.   <u>Claim Construction Briefing.</u>[4] The Plaintiff shall serve, but not file, its opening brief on **December 3, 2021**. The Defendants shall serve, but not file, their answering brief on **January 14, 2022**. The Plaintiff shall serve, but not file, its reply brief on **February 4, 2022**. The Defendants shall serve, but not file, their sur-reply brief on **February 25, 2022**.  No later than **March 3, 2022**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I.     Agreed-Upon Constructions

II.    Disputed Constructions

    [TERM 1]

        1.     Plaintiff's Opening Position

        2.     Defendants' Answering Position

        3.     Plaintiff's Reply Position

        4.     Defendants' Sur-Reply Position

    [TERM 2]

        1.     Plaintiff's Opening Position

---

[4] Prior to submission of the Joint Claim Construction Chart to the Court, all parties shall meet and confer to determine claim construction briefing structure and limitations.  The parties shall submit a joint status letter on **October 29, 2021** providing the parties' proposals for how many terms will be construed and the page limits for briefing to the Court for its approval.  If there are disagreements among the parties regarding Markman briefing, the Court will hold a teleconference on **November 5, 2021** to resolve any disputes.

       2.      Defendants' Answering Position

       3.      Plaintiff's Reply Position

       4.      Defendants' Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

       13.      Hearing on Claim Construction. Beginning at **1:00 p.m. on April 12, 2022**, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

       Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty days after the conclusion of the claim construction hearing. Objections to the report and recommendation are due no later than **21 days following its issuance**.

       No later than one month before the service of Opening Expert Reports, the parties shall meet and confer and submit a proposal to the Court regarding further narrowing the asserted claims and prior art.

       14.      <u>Supplementation.</u> Absent agreement among the parties, and approval of the Court, no later than the latter of **June 23, 2022, or 14 days following issuance of the claim construction**

**order**, Plaintiff must finally supplement, *inter alia,* the identification of all accused products, Defendants must supplement, *inter alia*, the identification of all invalidity references.

15.    <u>Interim Status Report.</u> On **March 15, 2022**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16.    <u>Case Dispositive Motions</u>.

(a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **March 9, 2023**; answering briefs and affidavits, if any, in opposition to such motions shall be served and filed on or before **April 6, 2023**; and reply briefs in support of such motions shall be served and filed on or before **April 20, 2023**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

(b)    <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate

that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

(c)     The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

(d)     <u>Page limits combined with Daubert motion page limits.</u> The parties shall meet and confer regarding page limits for dispositive and Daubert motions.  The parties shall submit a joint status letter on **February 9, 2023** providing the parties' proposals for the page limits. If there are disagreements among the parties, the Court will hold a teleconference to resolve any disputes.

(e)     <u>Hearing.</u> The Court will hear argument on all pending case dispositive and *Daubert* motions on **May 5, 2023** beginning at 1:00 pm. Unless otherwise ordered by the Court, each side will be allocated a total of forty-five minutes to present its argument on all pending motions.  Objections to the report and recommendation are due no later than **14 days following its issuance**.

(f)     <u>Trial Date Scheduling Conference.</u> Beginning at **1:00 p.m. on March 2, 2023**, the Court will hold a scheduling conference with the parties and the Court will determine the order in which each of the above-captioned cases will respectively proceed to trial and set the dates on which each trial will be conducted.  The parties shall file a joint status letter on **February**

**23, 2023** indicating the parties' positons regarding which of the above-captioned cases will need trial dates and the order in which the cases should be tried.

17.   <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

18.   <u>Pretrial Conference</u>.  On **August 25, 2023**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m.  The parties in each above-captioned case shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

19.   <u>Motions *in Limine*</u>.  Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion.  Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*.  Each side in each above-captioned case shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20.  <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference.  Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

21.  <u>Trial</u>.  These matters are scheduled for the first five (5) day[5] jury trial to commence 9:30 a.m. on **September 11, 2023**, with the subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases. Subsequent trial dates for the remaining above-captioned cases will be set by the Court during the March 2, 2023 scheduling conference.[6]

_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE

---

[5] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial.  If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference.  A final decision on the precise length of trial will not be made before the final pretrial conference.

[6] Defendants in C.A. No. 20-01646-RGA-JLH request that Ariosa and FMI shall be severed for trial purposes and the claims asserted by Ravgen tried separately.  Ravgen does not presently oppose that request as to severance for trial but lacks sufficient information to understand whether pre-trial severance would be appropriate and therefore proposes that the parties address the issue at the end of fact discovery.  The parties shall meet and confer on whether it would be appropriate to further sever this action for pre-trial proceedings after discovery, and the parties shall submit such a proposal to the Court no later than **30 days prior to the close of fact discovery.**

| EVENT | DEADLINES |
|---|---|
| Protective Order | 30 Days after Scheduling Order |
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1) | 4/30/2021 |
| Initial Disclosures under Delaware Default Standard, Section 3 | 4/30/2021 |
| Disclosure of Accused Products, Damages Model, Asserted Patents, and File Histories | 4/30/2021 |
| Core Technical Document Production | 6/4/2021 |
| Initial Infringement Contentions | 7/16/2021 |
| Initial Invalidity Contentions | 8/20/2021 |
| Exchange List of Claim Terms | 9/1/2021 |
| Exchange Proposed Claim Constructions | 10/1/2021 |
| Joint Claim Construction Chart and Joint Status Letter Regarding Markman Briefing Limits | 10/29/2021 |
| Opening Claim Construction Brief (Plaintiff) | 12/3/2021 |
| Answering Claim Construction Brief (Defendants) | 1/14/2022 |
| Reply Claim Construction Brief (Plaintiff) | 2/4/2022 |
| Substantial Completion of Document Production for Requests for Production served by November 5, 2021 | 2/15/2022 |
| Sur-Reply Claim Construction Brief (Defendants) | 2/25/2022 |
| Joint Claim Construction Brief and Technology Tutorial Deadline | 3/3/2022 |
| Interim Status Report Regarding Discovery | 3/15/2022 |
| Joint Status Letter Regarding Deposition Discovery Limits | 4/5/2022 |
| Claim Construction Hearing | 4/12/2022 |

| EVENT | DEADLINES |
|---|---|
| Deadline for Objections to Claim Construction Report and Recommendation | 21 Days After Issuance of Report & Recommendation |
| Supplemental Identification of All Accused Products and Prior Art | The later of: 6/23/2022 or 14 Days After Issuance of Claim Construction Order |
| Final Infringement Contentions | The later of: 6/30/2022 or 21 Days After Issuance of Claim Construction Order |
| Final Invalidity Contentions | The later of: 7/21/2022 or 42 Days After Issuance of Claim Construction Order |
| Joinder of Other Parties and Amendment of Pleadings | 7/26/2022 |
| Fact Discovery Cutoff | 8/16/2022 |
| Opening Expert Reports | 10/3/2022 |
| Rebuttal Expert Reports | 11/17/2022 |
| Reply Expert Reports | 12/15/2022 |
| Expert Discovery Cutoff | 2/9/2023 |
| Joint Status Letter Regarding Dispositive and Daubert Motion Page Limits | 2/9/2023 |
| Joint Status Letter Regarding Trial Order and Schedule | 2/23/2023 |
| Trial Ordering and Scheduling Conference | 3/2/2023 |
| Completed Briefing for Case Dispositive Motions, and Affidavits, if any | Opening: 3/9/2023 Answering: 4/6/2023 Reply: 4/20/2023 |

| EVENT | DEADLINES |
|---|---|
| Case Dispositive Hearing Date | 5/5/2023 |
| Deadline for Objections to Report and Recommendation | 14 Days After Issuance of Report & Recommendation |
| Proposed Final Pretrial Order | 8/21/2023 |
| Proposed Voir Dire, Preliminary Jury Instructions, Final Jury Instructions, and Special Verdicts Forms | 8/21/2023 |
| Pretrial Conference | 8/25/2023 |
| First 5-Day Trial to Commence | 9/11/2023 |