IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAVGEN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1646-RGA-JLH |
| | ) |
| ARIOSA DIAGNOSTICS, INC., ROCHE | ) |
| SEQUENCING SOLUTIONS, INC., ROCHE | ) |
| MOLECULAR SYSTEMS, INC., and | ) |
| FOUNDATION MEDICINE, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

Pending before the Court are four motions to dismiss filed by Defendants Ariosa Diagnostics, Inc., Roche Sequencing Solutions, Inc., and Roche Molecular Systems, Inc. (collectively, "the Roche Defendants") and Foundation Medicine, Inc. ("FMI"). (D.I. 12, 15, 23, 25.) As announced at the teleconference on July 26, 2021, I recommend that the Court DENY all four pending motions to dismiss.

**I.   LEGAL STANDARD**

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, I must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

## II.  DISCUSSION

My report and recommendation regarding the pending motions was announced from the bench on July 26, 2021 as follows:

> There are four pending motions set forth at docket numbers 12, 15, 23, and 25. Two of those motions, docket [numbers] 12 and 15, became moot when Ravgen filed its first amended complaint. Accordingly, I recommend that the Court deny those motions as moot. That leaves numbers 23 and 25.
>
> I have reviewed the parties' briefs. I have also carefully considered the arguments made at the July 1[, 2021] hearing. And I will summarize the reasons for my recommendations in a moment. But before I do, I want to be clear that my failure to address a particular argument or cited case does not mean that I did not consider it. I also note that while we will not be issuing a separate written recommendation, we will issue a written document incorporating the recommendation that I am about to make.
>
> For the following reasons, I recommend that the Court deny the motions to dismiss.
>
> This is one of four related cases filed by Ravgen against various defendants. On December 3, 2020, Ravgen filed its original complaint for patent infringement in this case against Ariosa Diagnostics, Roche Sequencing Solutions, Roche Medical Services, and Foundation Medicine. The defendants are all alleged to have the same foreign parent company.

The original complaint alleged infringement of two of Ravgen's patents, the '277 patent and the '720 [patent].[1] Those patents are both titled "Methods for Detection of Genetic Disorders," and each claims methods related to cell-free DNA technology. The inventor of the patents, Dr. Ravinder S. Dhallan, is also the founder of Ravgen.[2]

On the same day that Ravgen filed its original complaint, before any defendant was formally served in this case, Ravgen sent letters to each defendant inquiring whether any of them were interested in acquiring a license to the asserted patents. Those letters [attached] the original complaint.

The Roche Defendants and FMI separately moved to dismiss the original complaint.[3] Ravgen [then] filed a first amended complaint.[4] The Roche Defendants and FMI again filed separate motions to dismiss for failure to state a claim.[5] While those motions were being briefed, the parties stipulated, and the Court ordered, that Ravgen could file a second amended complaint solely to replace an exhibit with a corrected version.[6] That stipulation provides that the pending motions to dismiss apply to the second amended complaint.[7]

The SAC alleges direct, induced, and willful infringement of the '277 and '720 patents by the Roche Defendants. The Roche Defendants seek to dismiss the SAC's claims of inducement and willful infringement.

The SAC alleges direct, induced, and willful infringement of the '720 patent by FMI. At oral argument, Ravgen confirmed that it was only asserting post-suit induced infringement and post-suit

---

[1] U.S. Patent Nos. 7,332,277 (the "'277 Patent") and 7,727,720 (the "'720 Patent").

[2] (D.I. 33 ¶¶ 15, 27, 29.)

[3] (D.I. 12, 15.)

[4] (D.I. 20.)

[5] (D.I. 23, 25.)

[6] (D.I. 32.)

[7] (*Id.*)

willful infringement as to FMI.[8] Subsequent to oral argument, Ravgen agreed to dismiss its induced infringement claim against FMI.[9] With the pending motion, FMI seeks to dismiss the SAC's claim of post-suit willful infringement.

I'm not going to read into the record the law that applies to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). I previously set forth the applicable legal standard in another report and recommendation, *CoolTVNetwork.com v. Facebook, Inc.*, C.A. No. 19-292, 2019 WL 4415283, at *3 (D. Del. Sept. 16, 2019), and I incorporate that legal standard by reference.

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To state a claim for induced infringement, a plaintiff must plead that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.[10]

Under 35 U.S.C. § 284, district courts have discretion to award enhanced damages against those guilty of patent infringement.[11] However, enhanced damages under § 284 "should generally be reserved for egregious cases typified by willful misconduct."[12] As with induced infringement, a finding of willfulness requires, among other things, knowledge by the accused infringer that his conduct infringes.[13]

**[The Roche Defendants' Motion]**

I'll begin with the motion filed by the Roche Defendants. The SAC alleges pre- and post-suit induced infringement and pre-

---

[8] (July 1, 2021, Hearing Tr. at 35:8-23.)

[9] (D.I. 53.)

[10] *See Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012); *see also Groove Digital, Inc. v. Jam City, Inc.*, No. 18-1331-RGA, 2019 WL 351254, at *4 (D. Del. Jan. 29, 2019).

[11] *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).

[12] *Id.* at 1934.

[13] *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 330515, at *7 (D. Del. Jan. 25, 2019).

and post-suit willful infringement against the Roche Defendants. Roche argues that the induced infringement claims should be dismissed because the SAC fails to plausibly allege that the Roche Defendants had pre-suit knowledge that any induced acts constituted infringement. Roche argues that the willful infringement claim should be dismissed "for the same reasons," namely, that the SAC fails to allege facts showing pre-suit knowledge that they were infringing.[14]

The Roche Defendants acknowledge that they had pre-suit knowledge of the asserted patents. What they challenge is the sufficiency of Ravgen's pleading regarding their knowledge that their activities infringed. Ravgen responds that knowledge of infringement can be inferred from the facts alleged in the SAC.

While knowledge of infringement does not automatically follow from knowledge of the asserted patents, knowledge of infringement may be "inferred based on surrounding circumstances, 'taken collectively and in context.'"[15] The SAC, taken collectively and in context, permits a plausible inference of pre-suit knowledge of infringement.

For example, the SAC contains a number of allegations suggesting that the Roche Defendants were sufficiently familiar with the patents that they would have had knowledge of infringement. The SAC alleges that the innovations claimed by the asserted patents were widely publicized in prominent medical journals and received worldwide press coverage from prominent news outlets.[16] The patents claim methods related to cell-free DNA technology, which can be used for prenatal diagnostics, and the SAC alleges that the Roche Defendants regularly monitor patents and litigation in the field of prenatal diagnostics and liquid biopsy to determine whether any of their products infringe any patents.[17] That is not an implausible allegation under the circumstances.

---

[14] (D.I. 24 at 12.)

[15] *3Shape A/S v. Align Tech., Inc.*, No. 18-886-LPS, 2019 WL 1416466, at *2 (D. Del. Mar. 29, 2019) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1340 (Fed. Cir. 2012)).

[16] (D.I. 33 ¶¶ 21-24.)

[17] (*Id.* ¶ 119.)

The SAC also alleges that the Roche Defendants themselves cited the asserted patents during the prosecution of some of their own patent applications.[18] The Roche Defendants also cited Ravgen's patents against others by asserting them as prior art to others' patents and making substantive arguments about them before the PTO in both IPRs and reexamination proceedings.[19]

The SAC also refers to communications between Ariosa and Ravgen that suggest that Ariosa was interested in Ravgen's technology. One such contact allegedly came from the former CEO of Ariosa, Dr. Ken Song, who first reached out to Dr. Dhallan requesting "a chance to discuss Ravgen and its technology" in July 2009.[20] Although he was not yet employed by Ariosa or its predecessor at the time of that initial contact, Dr. Song became the CEO of Aria Diagnostics, which later changed its name to Ariosa sometime prior to December 2011.[21] The discussions between Dr. Song and Dr. Dhallan continued for several years and included in-person meetings at both Ariosa's and Ravgen's facilities.[22]

While I am not sure that any one of these facts on its own would be sufficient to permit an inference that the Roche Defendants knew that their acts infringed the asserted patents, I find that it is at least plausible to infer from these facts taken together that the Roche Defendants had such knowledge.

The Roche Defendants urge the Court to draw the opposite conclusion from the history of communications between certain Roche Defendants and Ravgen. According to the Roche Defendants, because they were in discussions with Ravgen over a period of years and Ravgen never accused them or alleged infringement during that time, the only plausible inference is that Roche thought they did not infringe.[23] To be clear, the Roche Defendants do not contend that a patentee is required to convey a pre-suit allegation of infringement

---

[18] (*Id.* ¶¶ 80-84.)

[19] (*Id.* ¶¶ 85-93.)

[20] (*Id.* ¶ 95.)

[21] (*Id.* ¶¶ 95, 97. 99.)

[22] (*Id.* ¶¶ 98-107.)

[23] (July 1, 2021 Hearing Tr. at 65:7-66:2.)

6

in order to plausibly plead knowledge of infringement.[24] Rather, they say that under the circumstances here, including the parties' history of communications, the lack of such a notice makes it implausible that Roche believed it was infringing.

Roche's view that they lacked knowledge of infringement is certainly one reasonable inference that can be drawn from the facts alleged. Indeed, it might be the most reasonable inference. However, when deciding a motion to dismiss, I must draw all reasonable inferences in favor of the *non-moving* party. Here, that is Ravgen. And it is at least plausible, based on all of Ravgen's allegations, to infer that the Roche Defendants had pre-suit knowledge that their activities infringed the '277 and '720 patents. Accordingly, I recommend that the Court deny the Roche Defendants' motion to dismiss the induced infringement and willful infringement claims.

### [FMI's Motion]

I now turn to FMI's motion. Ravgen alleges post-suit willful infringement by FMI. FMI argues that it cannot be liable for post-suit willful infringement because it lacked pre-suit knowledge of the patent. Ravgen argues that its post-suit willful infringement claim is supported by FMI's knowledge of infringement gained from Ravgen's original complaint and a letter sent to FMI the day the complaint was filed.

As an initial matter, the parties debate whether Ravgen may maintain a claim for enhanced damages based on post-suit willful infringement if FMI first obtained knowledge of its infringement from the original complaint. I agree with Ravgen that it can. Accordingly, I do not address the relevance, if any, of the post-suit letter that Ravgen sent to FMI.

As many have acknowledged, courts, including courts within this district, disagree as to whether a pleading alleging post-suit willfulness must allege additional facts, beyond post-suit knowledge of the patent and continuing infringement despite that knowledge, from which a finder of fact could conclude that the accused infringer's post-suit conduct was sufficiently egregious to support a willfulness finding.[25] The parties in this case agree, and I

---

[24] (*Id.* at 64:21-65:6.)

[25] *See ZapFraud, Inc. v. Barracuda Networks, Inc.*, No. 19-1687-CFC-CJB, 2021 WL 1134687, at *2-3 & n.1, n.2 (D. Del. Mar. 24, 2021) (collecting cases and discussing the

concur, that there is currently no binding authority from the Federal Circuit or the Supreme Court on this point.[26] I have read and considered both lines of cases and I don't have anything to add to the discourse that has not already been said.

Ultimately, I'm persuaded by the reasoning of Judge Bryson, sitting by designation in this district, in *IOENGINE v. PayPal Holdings*. Judge Bryson concluded that there was no requirement that a plaintiff plead pre-suit knowledge in order for a claim of willful infringement to survive a motion to dismiss.[27] I agree with Judge Bryson that if a defendant is on notice of a patent and the allegations of the infringement as a result of [the] filing of a pleading, there is no reason it should not be answerable for willful infringement after that date if the patentee can prove the requisite level of culpable behavior during the post-suit period.[28]

Here the SAC pleads that the original complaint gave FMI knowledge of the patents and notice of its infringement.[29] And FMI has not seriously contested that the original complaint contains sufficient factual allegations to put FMI on notice of what activity is alleged to constitute infringement. The SAC further pleads that FMI has continued to willfully infringe since the original complaint was filed.[30] I think that is enough to support its claim for post-suit willful infringement at this stage.[31]

---

disagreements between district courts across the country and between "current and recent judges of this District").

[26] (July 1, 2021 Hearing Tr. at 18:11-17, 26:23-27:1.)

[27] *IOENGINE*, 2019 WL 330515, at *7-8.

[28] *Id.* at *7 n.4; *cf. BlackBerry Ltd. v. Nokia Corp.*, No. 17-155-RGA, 2018 WL 1401330, at *3 (D. Del. Mar. 20, 2018) ("Since Plaintiff's amended complaint adequately pleads direct infringement of the asserted patents by [Defendant], I find the amended complaint sufficient to place [Defendant] on notice of the asserted patents and its allegedly infringing activity. . . . This is sufficient to support a willful infringement claim at the motion to dismiss stage.").

[29] (D.I. 33 ¶¶ 116, 120, 146-47.)

[30] (*Id.* ¶¶ 120, 147.)

[31] I do not need to decide here whether the filing of an original complaint alleging post-suit willfulness is sufficient on its own to permit enhanced damages for post-suit willfulness.

That said, I note that I have been referred this case for all purposes through the case dispositive motion deadline, and I can and will recommend to Judge Andrews that he dismiss the post-suit willfulness claim at summary judgment if Ravgen's evidence of post-suit conduct does not meet the standard for culpable behavior set down by the Supreme Court in *Halo*. I also can and will recommend to Judge Andrews that he grant summary judgment to FMI on the post-suit willfulness claim if I conclude that notwithstanding some evidence of willfulness, the Court should decline to exercise its discretion to enhance damages.

I therefore recommend that the Court deny FMI's motion to dismiss the post-suit willfulness claim.

### III.  CONCLUSION

For the reasons explained, I recommend that the Court DENY the pending motions to dismiss the Second Amended Complaint. (D.I. 23, 25; *see* D.I. 32.) The Court should DENY the motions to dismiss the original Complaint (D.I. 12, 15) as moot.

Dated: August 11, 2021

_____
THE HONORABLE JENNIFER L. HALL
UNITED STATES MAGISTRATE JUDGE